DECISION AND JUDGMENT ENTRY
Jerry L. Hall appeals the Jackson County Court of Common Pleas' denial of his post-sentence motion to withdraw his guilty plea on charges of kidnapping, rape and felonious assault. On appeal, Hall asserts that the trial court abused its discretion by denying his motion because he demonstrated manifest injustice. Specifically, Hall asserts that, due to the court's failure to assess his competency prior to sentencing, he was denied his constitutional rights to due process of law, effective assistance of counsel, and a fair trial. We disagree, because the record does not contain sufficient indicia of incompetence to require a hearing, and the court's failure to hold a competency hearing did not interfere with Hall's ability or opportunity to exercise his due process rights. Therefore, we find that the trial court did not abuse its discretion by denying Hall's motion to withdraw his guilty plea. Accordingly, we affirm the judgment of the trial court.
 I.
Hall pled guilty to kidnapping, rape and felonious assault, without the assistance of counsel, in December 1981. Before accepting his plea, the trial court engaged in an extensive discussion with Hall in which Hall affirmatively waived each of his constitutional rights. The trial court explained the maximum sentences for the charges to Hall and informed him that he was not eligible for probation on the rape charge. Hall signed waiver forms for his right to counsel, to an indictment and to a jury trial. The prosecutor gave a statement of facts, indicating that Hall forced a woman, at knife point, to drive to a remote area and engage in sexual activity with him. Hall told the court that the prosecutor's statement of facts was accurate.
At his subsequent sentencing hearing, Hall again informed the court that he waived his right to counsel. However, counsel appeared on Hall's behalf and suggested that Hall's mental retardation rendered him incapable of waiving his rights and entering a plea.[1]
In arguing in favor of a competency hearing, defense counsel notified the trial court that Hall completed the eighth grade in a special education program and dropped out of school in the ninth grade. Defense counsel suggested that Hall's reading comprehension ability was akin to that of a third grader and that Hall's I.Q. test scores were seventy or below. Defense counsel also suggested that police threatened Hall to coerce his plea. Finally, defense counsel recommended that the trial court obtain Hall's mental health and intelligence records from the juvenile detention center from which Hall recently had been released.
The prosecutor stated that Hall informed him personally that he could read and write. When the prosecutor told the trial court that Hall had read and understood his legal rights, Hall agreed. The prosecutor pointed out that Hall's pre-sentence report indicated that Hall was oriented as to time and place, that he completed the ninth grade, and that he left school due to a disciplinary problem, not a learning disability. The prosecutor denied that he or any other representative of the state threatened Hall or otherwise coerced Hall's confession.
The trial court did not order a competency hearing. The court noted that it had questioned Hall about whether he understood his specific rights and the consequences of a guilty plea before it accepted Hall's guilty plea. The court also questioned Hall again regarding his comprehension of the proceedings and the voluntary nature of his plea. Hall stated that he understood the proceedings and his rights, that no one pressured or threatened him to give a confession, and that he did not want a lawyer. Hall asked that the court sentence him to a facility where he could obtain psychiatric treatment. The court sentenced Hall to a term of incarceration from four to twenty-five years, to run concurrently, on both the kidnapping and the rape charges.
The trial court then sentenced Hall to a term of two to fifteen years, to run consecutively with the kidnapping and rape sentences, on the felonious assault charge. Hall did not appeal.
In February 1999, Hall filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. In his motion, Hall argued that the trial court should permit him to withdraw his plea in order to correct a manifest injustice. Specifically, Hall asserted that, due to the trial court's failure to assess his competency, he was denied his constitutional rights to due process of law, effective assistance of counsel, and a fair trial.
The trial court overruled Hall's motion to withdraw his plea. In its decision, the trial court found that Hall presented no basis or evidence that would cause the trial court to grant his motion. Hall appeals the judgment of the trial court, asserting that the trial court abused its discretion when it denied his motion to withdraw his guilty plea.
 II.
When a trial court denies a motion to withdraw a guilty plea pursuant to Crim.R. 32.1, appellate review is limited to a determination of whether the trial court abused its discretion.State v. Johnson (Dec. 30, 1998), Scioto App. No. 98CA2376, unreported; State v. Brooks (Jan. 29, 1992), Lorain App. Nos. 90CA004960, 91CA005035, unreported. An abuse of discretion involves more than an error in judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty. Sheriff's Dept. v. State Emp. RelationsBd. (1992), 63 Ohio St.3d 498; Wilmington Steel Prod. Inc. v.Cleveland Elec. Illuminating Co. (1991), 60 Ohio St.3d 120, 122. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1 (1990), 57 Ohio St.3d 135, 138, citing Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
Pursuant to Crim.R. 32.1, a defendant may withdraw a guilty plea after the imposition of sentence only to correct a manifest injustice. The defendant bears the burden of establishing the existence of a manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. An undue delay between the occurrence of the alleged cause for withdrawal of the guilty plea and the filing of a Crim.R. 32.1 motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion. Smith at paragraph three of the syllabus.
A trial court violates a defendant's due process rights, and hence may produce a manifest injustice, if it accepts a guilty plea that the defendant did not enter knowingly, intelligently, and voluntarily. See State v. Engle (1996), 74 Ohio St.3d 525;State v. Rubenstein (1987), 40 Ohio App.3d 57, 60, citing Bishopv. United States (1956), 350 U.S. 961. To determine whether the defendant entered a plea knowingly, intelligently, and voluntarily, we must review the record and consider the surrounding circumstances, such as the dialogue between the court and the defendant and the defendant's demeanor. State v. Spates
(1992), 64 Ohio St.3d 269, 271; State v. McCabe (Sept. 14, 1998), Washington App. No. 97CA32, unreported.
Defendants are presumed competent, and we will not find them incompetent solely because they are receiving or have received treatment for mental illness or retardation. R.C. 2945.37; Statev. Barnhart (Sept. 24, 1997), Washington App. No. 96CA32, unreported. We presume that the defendant is competent unless the defendant shows that he or she is unable to understand the proceedings or assist in his or her defense. State v. Swift
(1993), 86 Ohio App.3d 407, 411. Thus, even a person inflicted with mental or emotional disability may possess the ability to understand the charges rendered against him and assist in his defense. State v. Bock (1986), 28 Ohio St.3d 108, 110. The dialogue between the trial court and a defendant required by Crim.R. 11 encompasses the constitutional due process requirements, including competence. State v. Johnson (1988),40 Ohio St.3d 130, 133. When a defendant argues that his guilty plea was taken in violation of due process, the trial court's compliance with Crim.R. 11 provides greater probative evidence than contradictory affidavits of a defendant. State v. Moore
(1994), 99 Ohio App.3d 748, 755-756.
R.C. 2945.37 provides the statutory guidelines for protecting the due process right of a criminal defendant not to be tried or convicted while incompetent. R.C. 2945.37 states that if the issue of a defendant's competence is raised before trial, "the court shall hold a hearing on the issue as provided in this section." Thus, if the defendant's competency is raised prior to trial, a competency hearing is mandatory. Bock at 109. In contrast, if the issue of the defendant's competence is raised mid-trial, the trial court must conduct a competency hearing "only for good cause shown." R.C. 2945.37.
This court has never confronted the question of how the statutory requirement for a competency hearing applies in the case of a guilty plea, where no trial occurs. However, in Bock, the court noted that, although the statute contains a mandatory requirement, due process does not require the court to conduct a competency hearing merely because the defendant raises the issue.Id. at 110. Rather, "the right to a hearing on the issue of incompetency rises to constitutional proportions only when the record contains sufficient indicia of incompetency * * * such that a formal inquiry into defendant's competency is necessary to protect his right to a fair trial." Id., citing Pate v. Robinson
(1966), 383 U.S. 375, and Drope v. Missouri (1975), 420 U.S. 162,180. Thus, "the failure to hold a competency hearing is harmless error when the record does not reveal a sufficient indicia of incompetence." State v. Eley (1996), 77 Ohio St.3d 174, 183-184; Bock at paragraph one of the syllabus. Likewise, a defendant who pleads guilty is not entitled to a subsequent competency hearing when the record does not contain a sufficient indicia of incompetence. State v. Brookins (October 1, 1998), Cuyahoga App. No. 73345, unreported.
In this case, the record reflects that Hall participated in and understood the proceedings. At both his entry of plea hearing and his sentencing hearing, Hall engaged in an intelligent discussion with the trial court, agreed to waive his rights, and expressed no confusion or uncertainty. The only indicium of incompetence in the record was defense counsel's statements regarding Hall's intelligence and reading ability. However, as we noted above, a mental disability is not the equivalent of incompetence. See Bock
at 110. Even if R.C. 2945.37 did specifically require the trial court to conduct a hearing after accepting a guilty plea, in this case the record does not contain sufficient indicia of incompetence to raise that requirement to constitutional proportions. Without sufficient indicia of incompetence in the record, any error on the part of the trial court in failing to conduct a competency hearing is harmless error.
Because the record does not contain sufficient indicia of incompetence, we find that Hall failed to demonstrate that a manifest injustice would result if he were not permitted to withdraw his guilty plea. Moreover, we note that Hall waited over seventeen years before filing his motion to withdraw his guilty plea. This delay inherently decreases Hall's credibility and militates against granting his motion. Thus, we find that the trial court did not abuse its discretion by finding that Hall did not suffer a manifest injustice and denying his motion to withdraw his guilty plea.
In conclusion, we find that any error on the part of the trial court in failing to conduct a competency hearing was harmless error. We further find that the trial court did not abuse its discretion by denying Hall's motion to withdraw his guilty plea. Accordingly, we overrule Hall's only assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
[1] The transcript of Hall's sentencing hearing reflects that a judge other than the presiding judge asked defense counsel to accept an appointment to Hall's case. The sentencing court never "officially" appointed counsel, but permitted counsel to argue at the sentencing hearing on Hall's behalf. Midway through the hearing, the court dismissed defense counsel. Hall indicated that he did not want another lawyer before the court proceeded with sentencing.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
EVANS, J. and HARSHA, J.: Concur in Judgment and Opinion.
For the Court
 BY: _______________________________ ROGER L. KLINE, Presiding Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commencesfrom the date of filing with the clerk.