DECISION.
{¶ 1} On June 10, 2002, defendant-appellant Dante Beck pleaded guilty to one count of burglary in violation of R.C. 2911.12(A)(2), a second-degree felony. The trial court sentenced Beck to a four-year prison term. Beck timely appealed that judgment in the case numbered C-020432.[1] While that appeal was pending, Beck's appellate counsel moved to withdraw the guilty plea or, alternatively, for postconviction relief. We remanded the case to the trial court to consider the motion. The trial court, without holding an evidentiary hearing, denied the motion to withdraw the guilty plea and refused to grant postconviction relief. Beck timely appealed that judgment in the case numbered C-030062. We have consolidated the appeals for purposes of this decision.
 {¶ 2} Beck asserts two assignments of error in the case numbered C-020432. In his first assignment of error, Beck asserts that his trial counsel was ineffective during his plea and sentencing hearing. Specifically, Beck asserts that his trial counsel failed to investigate his background and to discover that he was mentally retarded. Beck argues that if his trial counsel had discovered his mental deficiencies, counsel would have (1) requested a competency hearing; (2) moved to suppress statements made by Beck because Beck was not competent to waive hisMiranda rights; and (3) alerted the trial court to the fact that Beck's guilty plea was not made knowingly.
 {¶ 3} In order to prevail on a claim of ineffective assistance of counsel, it must be demonstrated that trial counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's performance.[2] Upon reviewing this record, we conclude that trial counsel's performance did not fall below an objective standard of reasonableness. There is no indication in the plea and sentencing transcripts to suggest that Beck was incompetent. The record demonstrates that Beck, at the time of entering his guilty plea, was twenty-six years old, had graduated from high school, and had gainful employment. The presentence-investigation report,[3] which detailed Beck's criminal history, did not indicate any intellectual limitations or mental disabilities. Finally, it appears from the plea-hearing transcript that Beck understood the rights that he was waiving by entering a guilty plea.
 {¶ 4} Because there is nothing in the record to demonstrate that trial counsel should have been aware of any concerns relating to Beck's competency, we hold that counsel's performance was reasonable under the circumstances. Accordingly, the first assignment of error is overruled.
 {¶ 5} In his second assignment of error, Beck asserts that the trial court erred by allowing a mentally retarded defendant to waive his constitutional rights and to enter a guilty plea. We are unpersuaded. As we have already noted, the record contains no evidence that Beck was mentally deficient or incompetent.[4] Additionally, the plea-hearing transcript demonstrates that Beck responded clearly and appropriately to the trial court's questions. After conducting the Crim.R. 11(C) colloquy and noting that Beck had completed high school, the trial court found that Beck was entering his plea knowingly and voluntarily. Because there is no evidence in the record to counter the finding that Beck's plea was entered knowingly and voluntarily, we hold that the trial court did not deny Beck his constitutional rights. The second assignment of error is overruled.
 {¶ 6} In the case numbered C-030062, Beck raises two more assignments of error. In his first assignment of error, he asserts that the trial court erred in denying his Crim.R. 32.1 motion to withdraw his guilty plea without conducting an evidentiary hearing. We disagree.
 {¶ 7} Trial courts are not always required to hold an evidentiary hearing when a defendant files a Crim.R. 32.1 motion to withdraw a guilty plea.[5] An evidentiary hearing for a post-sentence motion to withdraw a guilty plea is only warranted when the facts, as alleged by the defendant, indicate that a manifest injustice will occur if the guilty plea is allowed to stand.[6] However, if the record "conclusively and irrefutably" contradicts the defendant's allegations, an evidentiary hearing is not required.[7]
 {¶ 8} A trial court violates a defendant's due-process rights and thus causes a manifest injustice, if it accepts a guilty plea that the defendant has not entered knowingly, intelligently, and voluntarily.[8]
Here, Beck asserts that he is mentally retarded and that this mental disability may have rendered him incapable of knowingly waiving his constitutional rights and entering a guilty plea.
 {¶ 9} In support of this argument, Beck provided the trial court with four reports of his mental disabilities drawn from records of the Cincinnati Public Schools. The reports were based on four evaluations conducted by a school psychologist when Beck was in the first, third, seventh and tenth grades. The reports indicated that Beck was mentally retarded and had attended "developmentally handicapped" classes. More specifically, the tenth-grade evaluation indicated that Beck was "functioning within the moderate retarded range of intelligence" and that he had an intelligence quotient ("IQ") of 69. Despite his low IQ, the school psychologist reported that Beck was able to respond to "direct questions" and that he "appeared able to understand what was said to him."
 {¶ 10} Because of his mental retardation, Beck argues, the trial court should have conducted a competency hearing prior to accepting his plea, and its failure to do so gave rise to a manifest injustice because Beck may have been incompetent to enter a guilty plea.
 {¶ 11} Under fundamental principles of fairness and due process, a criminal defendant who is not competent may not be tried and convicted.[9] Likewise, an incompetent criminal defendant may not enter a guilty plea.[10] R.C. 2945.37 provides that if the issue of a defendant's competency is raised before trial, a trial court must conduct a competency hearing, but if the issue is raised after the trial has begun, the court must only hold a hearing for "good cause shown." The statute does not provide a process for determining when the court should hold a competency hearing after a defendant has entered a guilty plea. But case law does indicate that a defendant who pleads guilty is not entitled to a subsequent competency hearing when the record does not contain "sufficient indicia of incompetence."[11]
Thus, we must determine whether this record contains "sufficient indicia of incompetence" such that the trial court should have conducted a competency hearing before determining whether to grant Beck's motion to withdraw his guilty plea.
 {¶ 12} A review of the record reveals no "sufficient indicia of incompetence" that would have required the trial court to hold a competency hearing. The only evidence Beck offered to support his contention that he might have been incompetent was his school records indicating that he was mentally retarded. But mental retardation is not, in itself, enough to support a claim of incompetence.[12] Competence to stand trial is concerned with the ability of the defendant to understand the proceedings against him and to assist in his defense.[13] Thus, a defendant suffering from an emotional or mental disability may still possess the ability to understand the charges and proceedings against him and be able to assist in his defense.[14]
 {¶ 13} The record demonstrates that Beck was able to understand the proceedings against him and to assist in his defense. First, we note that the school reports did not indicate that Beck was incompetent. In fact, the tenth-grade evaluation reported that Beck was able to understand questions presented to him and to respond to direct questions. The dialogue between the trial court and Beck during the plea hearing supported this observation. The plea and sentencing transcripts also reveal that Beck understood the proceedings against him. He responded appropriately to all questions asked by the trial court, had a proper demeanor under the circumstances and agreed to waive his rights. Beck expressed neither confusion nor uncertainty at either hearing. Finally, there is no indication in the record that Beck was unable to assist in his own defense. In fact, after Beck was sentenced, he moved, pro se, for jail time credit, "bail and suspension of execution of sentence," and judicial release.
 {¶ 14} Because Beck only presented evidence that he was mentally retarded, which is not, by itself, "sufficient indicia of incompetence," we hold that the trial court did not err in failing to conduct a competency hearing. Moreover, we note that a defendant bears the burden of establishing the existence of a manifest injustice.[15] Because the trial court did not err in failing to conduct a competency hearing, Beck failed to establish that a manifest injustice would have occurred if his guilty plea were allowed to stand. Since there was no manifest injustice in allowing Beck's guilty plea to stand, the trial court did not err in failing to hold a hearing on the motion to withdraw the guilty plea. Finally, we hold that the trial court did not abuse its discretion in denying Beck's motion to withdraw his guilty plea, because the plea was made knowingly.[16] Accordingly, the first assignment of error in the case numbered C-030062 is without merit.
 {¶ 15} In his final assignment of error, Beck asserts that the trial court erred in denying his petition for postconviction relief without conducting an evidentiary hearing. We disagree.
 {¶ 16} R.C. 2953.21, which governs postconviction relief, provides that a person convicted of a crime may petition the court to set aside that conviction on grounds that the defendant's constitutional rights were violated, thereby rendering the conviction void or voidable.[17]
Under the statute, the criminal defendant bears the initial burden to submit evidentiary documents containing sufficient operative facts that demonstrate substantive grounds for relief.[18]
 {¶ 17} An evidentiary hearing for postconviction relief is not required absent a showing that substantive grounds for relief exist.[19]
But "the court must proceed to a prompt hearing on the issues" if "the petition and the files and records of the case show that the petitioner is * * * entitled to relief."[20]
 {¶ 18} In his postconviction motion, Beck asserted five claims for relief. We address the first four claims together, as they all involve the issue of ineffective assistance of counsel for failing to discover that Beck was mentally retarded. In his first and fourth claims for relief, Beck asserted that his trial counsel failed to prepare effectively for trial, and that if he had, counsel would have discovered that Beck was mentally retarded and potentially incompetent to enter a guilty plea, and would have requested a competency hearing.
 {¶ 19} In his second and third claims for relief, Beck alleged that his conviction was voidable because if his counsel had been effective he would have discovered Beck's mental retardation and informed the court that Beck's plea may not have been made knowingly and/or introduced Beck's mental retardation as a mitigating factor during the sentencing phase.
 {¶ 20} In support of these claims, Beck presented the four school evaluations that we have already discussed. The trial court dismissed Beck's first four postconviction claims, concluding that they were barred by the doctrine of res judicata on the basis that the claims of ineffective assistance could have been resolved under the original record on direct appeal. We disagree.
 {¶ 21} These claims of ineffective assistance of counsel, based upon trial counsel's failure to discover Beck's mental retardation, could not have been determined on appeal without resort to the school evaluations, which were not part of the original trial record. The doctrine of res judicata is applicable only where issues could have been determined on direct appeal without resort to evidence outside the record.[21]
 {¶ 22} The state argues that even if these claims were not barred by res judicata, trial counsel's failure to discover Beck's mental retardation and (1) to request a competency hearing, (2) to inform the trial court that Beck's plea was not made knowingly and (3) to submit Beck's intellectual deficiencies as a mitigating factor during sentencing did not amount to ineffective assistance of counsel. We agree.
 {¶ 23} Preliminarily, we note that when a defendant enters a guilty plea, he waives the right to claim that he was prejudiced by constitutionally ineffective counsel unless the conduct complained of is shown to have prevented the defendant from making a knowing and voluntary plea.[22] Because Beck's third claim, regarding trial counsel's failure to offer proof of Beck's mental disabilities in mitigation of his sentence, does not concern whether Beck's plea was made knowingly or voluntarily, we hold that an ineffective-assistance claim of this nature was waived. Accordingly, because there was no substantive ground for relief presented in the third claim, the trial court did not err in failing to hold a hearing before dismissing that claim.
 {¶ 24} We now turn to the first, second and fourth claims for relief. As we have already noted, legal representation is constitutionally ineffective when counsel's performance falls below an objective standard of reasonableness and this results in prejudice to the defendant.[23] Even assuming that Beck's counsel's performance fell below an objective standard of reasonable representation because he failed (1) to prepare for trial and to discover that Beck was mentally retarded, (2) to request a competency hearing and (3) to notify the court that Beck's plea may not have been made knowingly, we hold that Beck did not suffer any prejudice.
 {¶ 25} We have already discussed in response to the first assignment of error that a defendant's mental retardation does not, itself, support a finding that a defendant is incompetent and, thus, unable to knowingly enter a guilty plea. Thus, the fact that Beck may have been mentally retarded did not mean that counsel should have requested a competency hearing, if Beck otherwise understood the proceedings against him and was able to assist in his defense. We held earlier that the record demonstrates that Beck did understand the proceedings and was able to assist in his defense. Beck offered no other evidence that he was incompetent. Under these circumstances, counsel's failure to request a competency hearing did not prejudice Beck. In fact, Beck has never argued that he was incompetent to enter a guilty plea. Instead, he has only asserted that he may have been incompetent and, thus, that trial counsel should have informed the court of this possibility. Even if the court knew that Beck was mentally retarded prior to accepting his plea, the trial court's dialogue with Beck before accepting his plea demonstrated that Beck understood the rights he was waiving, and, thus, there was no need for a competency hearing.
 {¶ 26} Because Beck did not set forth substantive grounds for relief, we hold that the trial court did not err in dismissing the first, second and fourth claims in his postconviction petition without first conducting an evidentiary hearing.
 {¶ 27} In Beck's fifth postconviction claim, he asserted that he had received ineffective assistance of counsel because his trial counsel waived his "federal constitutionally guaranteed right not to be tried while incompetent" by failing to request a competency evaluation. Due to this, Beck asserts, he was unable to establish his incompetency. Again, even if we assume that trial counsel's performance fell below a reasonable standard of representation, we conclude that Beck suffered no prejudice. The record supports a finding that Beck was competent and, thus, that he had entered his guilty plea knowingly. Beck's school record indicated that he was able to understand and to respond to direct questions despite a low IQ, and, more importantly, it did not indicate that Beck was incompetent. Beck responded appropriately to the trial court's questions during the plea hearing. Beck affirmed that he could read, had graduated from high school, and had been employed. There was nothing in his demeanor or responses at the hearing to indicate that he may have been incompetent. Instead, the record supports the finding that Beck was competent.
 {¶ 28} Because there is nothing in the record to demonstrate that Beck was denied some substantive or procedural right that made the "trial unreliable or the proceeding fundamentally unfair," we hold that Beck suffered no prejudice.[24] Because Beck did not present substantive grounds for relief, the trial court did not err in dismissing his fifth claim for postconviction relief without first holding an evidentiary hearing.
 {¶ 29} Accordingly, the second assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] Beck also filed, pro se, a notice of appeal, which was assigned the case number C-020449. This appeal was consolidated with the case numbered C-020432 for purposes of Beck's conviction and sentence. There has never been an appellate brief filed in the case numbered C-020449.
[2] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052.
[3] Contrary to Beck's assertion in his brief, we note that the presentence-investigation report is a part of the record transmitted for our review.
[4] See State v. Were, 94 Ohio St.3d 173, 2002-Ohio-481, 761 N.E.2d 591, paragraph two of the syllabus.
[5] See State v. Moore, 4th Dist. No. 01CA674, 2002-Ohio-5748, at ¶ 17.
[6] See State v. Nathan (1995), 99 Ohio App.3d 722, 651 N.E.2d 1044.
[7] See State v. Jacobson, 4th Dist. No. 01CA730, 2003-Ohio-1201, at ¶ 6.
[8] See State v. Engle (1996), 74 Ohio St.3d 525, 660 N.E.2d 450; Statev. Rubenstein (1987), 40 Ohio App.3d 57, 60, 531 N.E.2d 732, citingBishop v. United States (1956), 350 U.S. 961, 76 S.Ct. 440.
[9] Pate v. Robinson (1966), 383 U.S. 375, 86 S.Ct. 836; Statev. Berry, 72 Ohio St.3d 354, 359, 1995-Ohio-310, 650 N.E.2d 433.
[10] State v. Brooks (Mar. 1, 1995), 9th Dist. No. 16855.
[11] State v. Hall (Feb. 25, 2000), 4th Dist. No. 99CA847; State v.Brookins (Oct. 1, 1998), 8th Dist. No. 73345.
[12] State v. Hall (Feb. 25, 2000), 4th Dist. No. 99CA847; State v.Lewis (July 19, 1999), 12th Dist. No. CA98-01-207; State v. Settles
(Sept. 30, 1998), 3rd Dist. No. 13-97-50, citing Penry v. Lynaugh
(1989), 492 U.S. 302, 109 S.Ct. 2934; see Atkins v. Virginia (2002),536 U.S. 304, 122 S.Ct. 2242.
[13] R.C. 2945.37(G); State v. Swift (1993), 86 Ohio App.3d 407, 411,621 N.E.2d 513.
[14] State v. Bock (1986), 28 Ohio St.3d 108, 110, 502 N.E.2d 1016;State v. Reeder (Nov. 30, 1998), 12th Dist. No. CA97-12-013.
[15] State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus.
[16] State v. Johnson (Dec. 30, 1998), 4th Dist. No. 98CA2576; Statev. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus.
[17] R.C. 2953.21(A)(1).
[18] R.C. 2053.21(C); State v. Kapper (1983), 5 Ohio St.3d 36,448 N.E.2d 823.
[19] State v. Pankey (1981), 68 Ohio St.2d 58, 428 N.E.2d 413.
[20] R.C. 2953.21(E); State v. McInstosh, 1st Dist No. C-020593, 2003-Ohio-3824, ¶ 6.
[21] See State v. Cole (1982), 2 Ohio St.3d 112, 443 N.E.2d 169, syllabus; State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.
[22] State v. Barnett (1991), 73 Ohio App.3d 244, 248-249,596 N.E.2d 1101.
[23] Strickland, supra.
[24] State v. Combs (1994), 100 Ohio App.3d 90, 652 N.E.2d 205, citing Lockhart v. Fretwell (1993), 506 U.S. 364, 113 S.Ct. 838.