JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Frank Johnson appeals from the judgment of the Hamilton County Court of Common Pleas denying his motions to withdraw a guilty plea. For the following reasons, we affirm the trial court's judgment.
In a single assignment of error, Johnson argues that the trial court erred by denying his presentence and post-sentence motions to withdraw his guilty plea. A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, and the trial court's decision may be reversed on appeal only when it has abused its discretion.[1] The trial court must conduct a hearing to determine whether there is a reasonable basis for the withdrawal of the plea.[2] But the trial court need not hold a hearing on a post-sentence motion to withdraw a guilty plea unless the facts, as alleged by the defendant, demonstrate that a manifest injustice would otherwise occur.[3] "[I]f the record `conclusively and irrefutably' contradicts the defendant's allegations, an evidentiary hearing is not required." On appeal, we will not disturb a trial court's determination that an evidentiary hearing was not warranted on a post-sentence motion absent an abuse of discretion by the trial court.
To determine whether the trial court abused its discretion in denying a presentence motion to withdraw a guilty plea, this court must determine (1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was given a full Crim.R. 11 hearing before entering the plea; (3) whether a full hearing was held on the motion; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out the specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges and the possible penalties; and (8) whether the defendant was possibly not guilty or had a complete defense to the charges.[4]
In this case, Johnson has failed to provide this court with a complete record for review as required by App.R. 9 and 10(A). The record before us contains no transcript of the plea hearing or of the proceedings on his motions to withdraw. When portions of the record necessary for resolution of assigned errors are omitted from the record, we have no choice but to presume the validity of the trial court's proceedings. As a result, we overrule Johnson's sole assignment of error and affirm the judgment of the trial court.[5]
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan and Sundermann, JJ.
[1] State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, paragraphs one and two of the syllabus.
[2] See State v. Jefferson, 1st Dist. No. C-020802, 2003-Ohio-4308.
[3] See State v. Beck, 1st Dist. Nos. C-020432, C-020449 and C-030062, 2003-Ohio-5838, at ¶ 7.
[4] See State v. Price, 1st Dist. No. C-030262, 2003-Ohio-7109.
[5] See State v. Skaggs (1978), 53 Ohio St.2d 162,372 N.E.2d 1355; Knapp v. Edwards Laboratories (1980), 61 Ohio St.3d 197,400 N.E.2d 384.