THE STATE OF OHIO, APPELLEE, *v.* SANDY, APPELLANT.

(No. CA-750—Decided March 1, 1982.)

*Mr. Arthur M. Elk,* prosecuting attorney, and *Mr. Robert P. DeSanto,* for appellee.

*Messrs. Lutz & Oxley* and *Mr. Howard W. Glick,* for appellant.

HENDERSON, P.J. This is an appeal from a judgment of the Court of Common Pleas of Ashland County, entered upon a jury verdict finding defendant-appellant guilty of two violations of R.C. 2925.03 (A)(1) (trafficking in drugs).

Appellant raises the following assignment of error:

"Defendant was denied a fair trial as

guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution in that the defendant was denied the 'effective' assistance of counsel."

The testimony in this case was presented in major part through the testimony of Jeff Hanna, a special deputy sheriff who was also employed at a local company in Ashland, Ohio, and who gathered intelligence as to the drug community. While working at F. E. Myers Company, the special deputy met appellant and talked with him at work and also after hours at Club 42 in Ashland. The special deputy decided that appellant was involved in the drug scene and asked appellant on several occasions whether he was able to get drugs for the deputy's use. The special deputy testified that controlled buys were obtained by him from appellant on June 7, 1980 and October 10, 1980. The state did not call any other witnesses to corroborate this testimony and no witnesses were called by appellant. Appellant did not testify on his own behalf.

The trial of appellant took two days and the jury returned verdicts of guilty on both counts of trafficking in drugs (R.C. 2925.03[A][1]). Appellant appeals from the judgment finding him guilty and asserts as his sole assignment of error that he was denied a fair trial as guaranteed him by the Sixth and Fourteenth Amendments to the United States Constitution and states that he was denied the "effective" assistance of counsel.

It is necessary for an understanding of this case to know that appellant had hired a private attorney to represent him. This attorney has tried many criminal cases throughout Northeastern Ohio and was quite familiar with the criminal law in this state and the application of federal law to criminal proceedings. In spite of all these qualifications, however, appellant, in hindsight, now argues that he did not have "effective" assistance of counsel.

From a reading of this case, it is ap-parent that counsel for appellant believed that there was no way that a jury would convict appellant in a "one-witness case." In demonstrating the incompetence of his privately retained attorney, appellant lists the following instances of such incompetence:

1. The attorney did not call as a witness defendant-appellant's wife;

2. The attorney failed to call unnamed witnesses;

3. The attorney convinced the defendant not to testify on his own behalf; and

4. The attorney's closing argument did not have substance.

We note again after a full reading of the record in this case, that there appears on the record no requests by appellant to either call his wife as a witness or to call some "unnamed" witnesses. There is also nothing in appellant's brief in this court or in any argument to the trial court below as to what these "unnamed" witnesses might have testified to, or what the wife of appellant would have testified to. This is definitely a case where the state of Ohio relied on one witness to prove the necessary elements of the alleged crimes and the case was determined solely upon the testimony of the undercover deputy sheriff. Counsel for appellant aggressively attacked the state's case and conducted a very strong cross-examination of the deputy sheriff. Credibility is for the jury and by believing the testimony of the state's sole witness, a finding of guilty would not be against the manifest weight of the evidence.

Appellant's counsel apparently relied upon the fact that he believed that the jury would find that the state had not proven its case in chief and we cannot say from a reading of this record that this was not a proper trial tactic. When one is dealing with the credibility of a single witness upon whom the state relies to prove its case in a criminal matter, it is a legitimate trial tactic for a defendant to determine not to call witnesses. On many occasions when such witnesses are called by the

defense, they open the door for many areas into which the prosecutor is ordinarily not entitled or permitted to explore. It is necessary to understand that appellant had felony convictions in his background and trial counsel may well have reasoned that a jury, hearing these previous convictions, may have chosen not to believe appellant's testimony or that of his witnesses, and to convict solely upon the testimony of the state's prime witness. All of these are determinations that must be made by defense counsel prior to or at the time of the trial of the case and do not indicate ineffective assistance of counsel.

We note finally that appellant complains about the lack of substance in the final argument made by his attorney to the jury. We cannot find after reading the final argument of counsel for appellant that the trial was reduced to a farce and a sham or that it constituted no representation at all such as to reduce the proceedings to a farce or sham. Appellant has the duty to exhibit a substantial violation of an essential duty by counsel as is set forth in the case of State v. Lytle (1976), 48 Ohio St. 2d 391 [2 O.O.3d 495]. See, also, State v. Cutcher (1969), 17 Ohio App. 2d 107 [46 O.O.2d 156].

In State v. Lytle, supra, the Supreme Court of Ohio set forth the standards for the determination of claims of ineffective assistance of counsel. The court, in its syllabus, stated:

"1. When presenting an allegation of ineffective assistance of trial counsel for a reviewing court, an appellant must initially show a substantial violation of an essential duty by that counsel."

Just because counsel does not secure an acquittal is not enough to show a substantial violation of an essential duty by counsel. Counsel objected to questions throughout the trial, conducted a full and thorough cross-examination of the state's main witness, made certain requests with regard to instructions to be given to the jury and argued credibility of the main witness fully in final argument.

We do not find that counsel for appellant has shown a substantial violation of any essential duty by trial counsel and for such reasons we hereby overrule appellant's sole assignment of error.

We affirm the judgment of the Court of Common Pleas of Ashland County, and we remand this case to said court for execution of its judgment.

*Judgment affirmed.*

MILLIGAN and MCKEE, JJ., concur.