THE STATE OF OHIO, APPELLEE, *v.* RUBENSTEIN, APPELLANT.

(No. 52289—Decided September 21, 1987.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Hyman Friedman,* county public defender, and *Dennis M. Coyne,* for appellant.

PATTON, J. This is an appeal by defendant-appellant, Allejuene Rubenstein, from his conviction in the Cuya-

hoga County Court of Common Pleas of two counts of felonious assault (R.C. 2903.11) arising out of a stabbing incident while appellant was a patient at the Cleveland Psychiatric Institute. The following facts give rise to this appeal.

On October 3, 1985, appellant was indicted by the Cuyahoga County Grand Jury for two counts of felonious assault. On October 8, 1985, appellant entered a plea of not guilty to the charges and, on October 21, 1985, was referred to the Court Psychiatric Clinic for an examination to determine whether he was competent to stand trial.

Appellant was interviewed by a psychiatric examiner on December 2 and December 9, 1985. In a summary dated December 9, 1985, the examiner concluded that appellant had "the ability to understand the charge against him and to work with his attorney in his own defense," and, thus, found that appellant was competent to stand trial. The examiner noted that appellant was often "uncooperative or guarded" concerning aspects of his past history and further stated that some of the information may be unreliable "because of distortion based on mental illness." The examiner found that appellant had been hospitalized on various occasions dating back to 1982 and his diagnosis was schizophrenia, paranoid type, in partial remission. Although appellant's conversations at times showed "significant abnormalities of thought," the examiner noted that appellant showed a good awareness of the adversarial process and was able to give a "very clear statement as to the charge against him and where and when the events took place." The examiner stated that appellant's ability to work with his attorney might be limited to some extent due to appellant's paranoia, but concluded that these limitations were not overwhelming at the time of the examination and noted that appellant gave "indications of wishing to work with his attorney."

Following a number of pre-trials, the trial court held a hearing on June 2, 1986 on appellant's competency to stand trial. At the June 2 hearing, appellant's trial counsel advised the court that appellant wished to stipulate to the findings of the court's psychiatric examiner.[1] The court accepted ap-

---

[1] The transcript of the competency hearing reflects some confusion on appellant's part concerning his stipulation to the examiner's conclusion that appellant was competent to stand trial. Appellant's trial counsel requested the court to make inquiry of appellant concerning the stipulation, as disclosed by the following exchange:

"MR. WALSH: Your Honor, relative to my client's position as to waiving cross-examination of the doctor and testimony from the doctor and accepting his report, I would just ask the Court to make sure that that is the wishes of my client, as he has indicated that to me.

"THE COURT: Well, you have talked to him. Is there anything that you want to tell me then, sir?

"THE DEFENDANT: No, sir. Not at this time.

"THE COURT: Okay.

"MR. WALSH: It is basically what I outlined to the Court, your understanding also, Mr. Rubenstein?

"THE DEFENDANT: With reference to the doctor, yes.

"MR. WALSH: Okay. And as far as accepting his report; is that right?

"THE DEFENDANT: Well, I have never read his report.

"THE COURT: What it basically says —

"THE DEFENDANT: But as far as him saying that I was sane at the time, I agree with that wholeheartedly. But as far as his report, I have not read it.

pellant's stipulation and accordingly found him competent to stand trial.

Appellant waived a jury trial, and the matter proceeded to trial on June 16, 1986. Following the state's opening argument, appellant's trial counsel advised the court that appellant did not want counsel to give an opening statement. The evidence adduced by the state disclosed that on September 23, 1985, George Stallworth and appellant, both patients at the Cleveland Psychiatric Institute ("CPI"), had an argument at approximately 7:00 a.m. That argument was broken up, but at 8:30 a.m. both patients were in line to receive medication. After appellant received his medication, he allegedly turned and stabbed Stallworth in the neck with a knife. Terry Lee Jones, a therapeutic worker at CPI, observed this incident and pushed Stallworth away from appellant. Jones and appellant then wrestled for the knife, and Jones' hand was cut in the scuffle.

Seconds later, Majorie Conkle, another CPI employee, interceded and told appellant to give her the knife. Appellant complied.

The state produced six witnesses to testify.[2] At the conclusion of the direct examination of each state witness, appellant's trial counsel advised the court that he had been instructed by appellant not to cross-examine the respective witnesses. The court inquired of appellant on two occasions as to whether he, in fact, desired to waive his right to cross-examine the state's witnesses.[3] At the close of the state's case, appellant's trial counsel moved, without argument, for an acquittal pursuant to Crim. R. 29. The motion was overruled. Counsel advised the court that the defense would also rest at that point, and, without argument, counsel renewed appellant's motion for acquittal. This motion was also denied. Appellant's trial counsel did not waive

"THE COURT: All right. So, again, we are not here on the issue of sanity at this time, only on the issue of competency to stand trial. And the Court has found you competent to stand trial.

"THE DEFENDANT: Yes, sir."

[2] One of the victims, George Stallworth, did not appear at trial to testify. Neil Hassinger of the Ohio State Highway Patrol testified that Stallworth was last seen on the Friday prior to trial, but had disappeared since that time.

[3] When appellant's trial counsel advised the court that there would be no cross-examination after four state witnesses had testified, the court inquired:

"THE COURT: Mr. Rubenstein, is that your position, sir, you don't want your lawyer to cross-examine any of these witnesses, sir? Is that correct?

"MR. RUBENSTEIN: For the present everybody he showed so far — no comment.

"THE COURT: Your lawyer keeps in-

dicating you are telling him not to cross-examine these witnesses, and I want to make sure. Is that your position for the past ones that have been here?

"MR. RUBENSTEIN: Yes."

When counsel waived cross-examination following the fifth state witness' direct testimony, the court again inquired:

"MR. WALSH: Your Honor, my client has requested I not cross-examine Officer Hassinger.

"THE COURT: And that is your position, is it sir, Mr. Rubenstein, sir?

"MR. RUBENSTEIN: Your Honor, you are making me angry because you keep asking me the same question.

"THE COURT: I want to make sure.

"MR. RUBENSTEIN: There is nothing to make sure. I just don't want to cross-examine.

"THE COURT: Well, I just want to be sure your lawyer stated on your behalf.

"MR. RUBENSTEIN: Yes, he is; yes, he is."

closing argument and focused on the failure of the victim, Stallworth, to appear to testify at trial.

Appellant was found guilty of both counts of felonious assault. Appellant's trial counsel requested that appellant be referred to the probation department for an evaluation and report and further implored the court to be lenient in view of the expeditious manner in which appellant allowed the trial to proceed. Thereafter, appellant was sentenced to a term of five to fifteen years for the first count and a term of three to fifteen years for the second count. The sentences were to run concurrently.

This appeal followed, and appellant raised three assignments of error for review:

"I. The trial court erred having failed where good cause was shown to hold a hearing *sua sponte* during trial on the issue of appellant's competency to stand trial pursuant to Ohio Revised Code 2945.37. Appellant was thereby deprived of his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments of [*sic*] the United States Constitution.

"II. Defendant has been deprived effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I [Section] 10 of the Ohio Constitution.

"III. The evidence was not sufficient to support the conviction of felonious assault against Terry Lee Jones in violation of Ohio Revised Code 2903.11, thereby depriving appellant of his right to due process of law as guaranteed by the Fourteenth Amendment of [*sic*] the United States Constitution and Article I, Section 16 of the Ohio Constitution."

## I

Appellant's first assignment of error contends that the trial court's failure to hold a competency hearing *sua sponte* during the course of the trial, pursuant to R.C. 2945.37, constituted a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. This contention is not well-taken.

It is settled law that "a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial. * * *" *Drope* v. *Missouri* (1975), 420 U.S. 162, 171. The conviction of an accused while he is not legally competent to stand trial violates due process of law. See *Bishop* v. *United States* (1956), 350 U.S. 961. In the federal courts, the test for legal competence is whether the criminal defendant "* * * '* * * has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him.'" *Dusky* v. *United States* (1960), 362 U.S. 402.

When there is evidence to create a sufficient doubt of a criminal defendant's competence to stand trial, a trial court may be required to conduct further inquiry on the question. *Drope* v. *Missouri, supra,* at 180; *Pate* v. *Robinson* (1966), 383 U.S. 375. "Even when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial. * * *" *Drope* v. *Missouri, supra,* at 181. The Supreme Court has not prescribed a general standard to measure the nature or quantum of evidence necessary to merit a *sua sponte* hearing on an accused's competence to stand trial. However, relevant considerations include: (1) doubts

expressed by counsel as to the defendant's competence; (2) evidence of irrational behavior; (3) the defendant's demeanor at trial; and (4) prior medical opinion relating to competence to stand trial. See *Drope* v. *Missouri, supra,* at 177, fn. 13, and at 180. See, also Note, Criminal Procedure in the Sixth Circuit: A Survey of Decisions from Arrest Through Trial (1982), 13 U. Tol. L. Rev. 985, 1011-1015.

Ohio law similarly safeguards an accused's right to a fair trial. R.C. 2945.37(A) provides, in relevant part:

"In a criminal action in a court of common pleas or municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before trial, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after trial has begun, the court shall hold a hearing on the issue only for good cause shown.

"A defendant is presumed competent to stand trial, unless it is proved by a preponderance of the evidence in a hearing under this section that because of his present mental condition he is incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his defense.

"* * *

"Upon the evidence submitted, the court shall determine the defendant's competence to stand trial and shall make an order under section 2945.38 of the Revised Code."

Under R.C. 2945.37(A), a trial court must hold a competency hearing if the issue of the defendant's competence to stand trial is raised before trial commences.[4] However, after trial commences, the court need conduct a hearing on the defendant's competency "only for good cause shown." The decision as to whether to hold a competency hearing once trial has commenced is in the court's discretion. *State* v. *Rahman* (1986), 23 Ohio St. 3d 146, 156, 23 OBR 315, 323, 492 N.E. 2d 401, 410.

In *State* v. *Chapin* (1981), 67 Ohio St. 2d 437, 21 O.O. 3d 273, 424 N.E. 2d 317, the court held:

"An unqualified suggestion of defendant's incompetency to stand trial by defense counsel during trial without additional objective indications such as, but not limited to, supplemental medical reports, defendant's conduct at trial or specific reference to defendant's irrational behavior or the like does not meet the 'good cause shown' standard of R.C. 2945.37." *Id.* at paragraph one of the syllabus. In *Chapin,* the evidence adduced at the competency hearing held three months prior to trial demonstrated that the defendant was competent to stand trial, and, with the exception of "one minor, isolated instance," there was nothing in the record indicating that the defendant had "displayed any

---

[4] The hearing requirement of R.C. 2945.37(A) is satisfied where prior to the commencement of trial the defendant has been provided with an opportunity to present evidence in his behalf but instead elects to accept the findings contained in the psychiatric report. See *State* v. *Collins* (May 29, 1986), Cuyahoga App. No. 50625, unreported, at 6-7. Moreover, the failure to hold a competency hearing prior to trial is harmless error where the defendant proceeds to participate in the trial, offers his own testimony in defense and is subject to cross-examination, and the record fails to reveal sufficient indicia of incompetency. *State* v. *Bock* (1986), 28 Ohio St. 3d 108, 28 OBR 207, 502 N.E. 2d 1016, paragraph one of the syllabus.

In the case *sub judice,* appellant does not dispute that the hearing held on June 2, 1986 prior to the commencement of trial satisfied the hearing requirements of R.C. 2945.37(A).

ludicrous or irrational behavior at trial" which would indicate that the defendant's mental condition had changed so as to warrant an additional competency hearing. *Id.* at 441, 21 O.O. 3d at 276, 424 N.E. 2d at 320. Similarly, in *State* v. *Rahman, supra,* the record was barren of any questionable actions by the defendant prior to his refusal to continue his cross-examination so as to require further inquiry by the court as to his competency to stand trial. *Rahman, supra,* at 156-57, 23 OBR at 324, 492 N.E. 2d at 411.

In the instant case, appellant argues that the trial court should have held a competency hearing on its own motion based on the developments at trial. Appellant argues that the reservations expressed by the court's psychiatric examiner as to limitations on the appellant's ability to work with his counsel were realized during the course of the trial when appellant instructed his counsel to stipulate to the psychiatric examiner's report, waive his opening statement, waive cross-examination, and elect to not present a defense. We do not agree.

In this case, the only evidence in the record bearing on appellant's competence to stand trial was contained in the psychiatric examiner's report which, although acknowledging that appellant could have some limitations on his ability to work with counsel, concluded that such limitations were not overwhelming. The record is devoid of any instances of irrational behavior on appellant's part which might suggest a change in appellant's mental condition. There is also nothing in the record to suggest that appellant's demeanor at trial was such as to create sufficient doubt by the trial court as to appellant's competence to stand trial. It is also significant that there was no suggestion by appellant's trial counsel that appellant was not competent or

was unable to work with counsel and that a competency hearing should be held. Under these circumstances, appellant has not satisfied the "good cause" standard of R.C. 2945.37(A) in order to require the court to conduct an additional competency hearing after the trial commenced.

We note that appellant's stipulation on June 2, 1986 to accept the psychiatric examiner's findings concerning appellant's competency is not determinative since it "is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial. * * *" *Pate* v. *Robinson, supra* (383 U.S.) at 384. Nevertheless, there is no evidence in this record to suggest that appellant was incapable of understanding the nature and objective of the proceedings against him or of assisting in his defense. Accordingly, the trial court did not err when it did not *sua sponte* conduct a hearing on appellant's competence to stand trial after appellant had been determined to be competent and the trial had commenced.

Although it is not separately assigned as an error, see App. R. 12(A), appellant alternatively argues that even if the court were not required to hold an additional competency hearing, the court erred when it did not appoint another attorney to assist appellant or at least to inquire of appellant whether he would cooperate with another attorney. We do not agree. There is no indication in this record by either appellant or his trial counsel to suggest that appellant was not able to work with counsel in preparing his defense. Contrast *State* v. *Pruitt* (1984), 18 Ohio App. 3d 50, 56-57, 18 OBR 163, 170, 480 N.E. 2d 499, 507 (court erred in failing to honor defendant's timely, good-faith request for substitution of counsel where there was no communi-

cation or cooperation between attorney and client). Under these facts, the court was not obliged to inquire as to whether appellant desired a substitution of counsel.

Accordingly, the first assignment of error is without merit.

## II

Appellant's second assignment of error argues that appellant was deprived of effective assistance of counsel. This contention is not well-taken.

In *Strickland* v. *Washington* (1984), 466 U.S. 668, the court determined the standard to be used in reviewing claims of ineffectiveness. "* * * The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. The court proceeded to devise a two-part test for reviewing claims of ineffectiveness:

"* * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

The court further noted that because of the difficulties inherent in making an evaluation of counsel's performance after the fact, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689.

The test enunciated in *Strickland* v. *Washington* is substantially the same as that applied by Ohio courts. In Ohio, the test for determining effective assistance of counsel is whether the accused, under all the circumstances, had a fair trial and substantial justice was done. *State* v. *Hester* (1976), 45 Ohio St. 2d 71, 79, 74 O.O. 2d 156, 160-161, 341 N.E. 2d 304, 310. In *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 396-397, 2 O.O. 3d 495, 498, 358 N.E. 2d 623, 627, vacated as to the death penalty (1978), 438 U.S. 910, the Supreme Court enunciated a two-part test:

"When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."

A properly licensed attorney in Ohio is presumed competent. *Vaughn* v. *Maxwell* (1965), 2 Ohio St. 2d 299, 301, 31 O.O. 2d 567, 568, 209 N.E. 2d 164, 166. Thus, the burden of proving ineffectiveness is on the defendant. *State* v. *Smith* (1985), 17 Ohio St. 3d 98, 100, 17 OBR 219, 220-221, 477 N.E. 2d 1128, 1131.

In the instant case, appellant contends that his trial counsel failed to request a competency hearing prior to or during trial and that this was a substantial violation of an essential duty. We disagree. The record

discloses that a competency hearing was held prior to trial, on June 2, 1986, during which appellant stipulated to the psychiatric examiner's findings. As we have noted previously, the hearing satisfied the pre-trial hearing requirement of R.C. 2945.37(A). See fn. 4, *supra.* There is nothing in the record to suggest that counsel failed to adduce evidence in his possession tending to dispute the psychiatric examiner's conclusion that appellant was competent to stand trial. Cf. *State* v. *Brooks* (1986), 25 Ohio St. 3d 144, 147-151, 25 OBR 190, 192-196, 495 N.E. 2d 407, 410-413 (counsel's failure to present inconclusive evidence of defendant's competence did not constitute ineffective assistance of counsel). Accordingly, appellant has not demonstrated that counsel's performance was deficient at the June 2, 1986 competency hearing.

Similarly, appellant has not demonstrated that counsel was deficient in failing to request an additional competency hearing during the course of the trial. In *State* v. *Smith* (1981), 3 Ohio App. 3d 115, 3 OBR 130, 444 N.E. 2d 85, this court addressed a similar claim that trial counsel had failed to adequately pursue the defense of not guilty by reason of insanity after the defendant was found to be competent to stand trial under R.C. 2945.37. The *Smith* court observed:

"Given defendant's extensive history of mental impairment and disability including extensive medical treatment, it is reasonable to assume witnesses and records relating to his mental condition would have been available to defense counsel. Given the presumption of defense counsel's competency, this court cannot assume that the defendant's trial counsel simply failed to prepare for this defense. It is equally reasonable to assume these witnesses and records would not have supported defendant's claimed insanity at the time of the offense. Further, it is similarly reasonable to assume from the record that defense counsel did not seek a determination of defendant's sanity at the time of the offense pursuant to R.C. 2945.39 for the same reason. Consequently, defendant has not met his burden of establishing on the record a violation by his trial counsel of an essential duty to defendant." *Id.* at 120, 3 OBR at 136-137, 444 N.E. 2d at 91-92.

In the instant case, appellant's trial counsel was familiar with appellant's mental condition and was in the best position to determine whether appellant was incapable of assisting counsel with the defense. It is reasonable to infer that counsel's decision not to pursue the issue of appellant's competence was part of counsel's strategy. Appellant's allegation that counsel should have requested an additional hearing is not sufficient to overcome the presumption of counsel's competency. Consequently, appellant has not demonstrated that counsel's performance was deficient.

We also cannot say that the manner in which counsel represented appellant at trial demonstrated that counsel's representation was deficient. Appellant elected to waive trial by jury and further elected not to testify in his own behalf. These are decisions which are to be made by the appellant after full consultation with counsel. *State* v. *Smith,* 3 Ohio App. 3d at 118, 3 OBR at 134, 444 N.E. 2d at 89-90. Appellant has not demonstrated a substantial violation of an essential duty by counsel in this regard.

The decisions on what witnesses to call, whether and how to conduct cross-examination, and all other strategies or tactical decisions are the province of the lawyer after consultation with the client. See *State* v. *Smith,* 3 Ohio App. 3d at 118, 3 OBR at 134,

444 N.E. 2d at 89-90. In the case *sub judice,* counsel advised the court that appellant instructed him to stipulate to the psychiatric examiner's report, forgo opening arguments, and waive cross-examination of the witnesses called by the state. On several occasions, the court specifically inquired of appellant whether counsel's representations were accurate, and appellant responded in the affirmative.

While an attorney in discharging his or her responsibilities cannot be expected to take direction from a criminal defendant who is not competent to stand trial, the trial counsel in the instant case did not suggest, nor did the trial court perceive, that appellant suffered from such a disability. Counsel's apparent strategy was that the state would not be able to prove its case without the testimony of the victim, George Stallworth, and consequently the defense would not risk opening the door to an undesirable matter. See *State* v. *Sandy* (1982), 6 Ohio App. 3d 37, 38-39, 6 OBR 147, 149, 452 N.E. 2d 515, 516. A reviewing court must be highly deferential to counsel's strategies and tactical decisions and should refrain from second-guessing counsel's decisions. *Strickland* v. *Washington, supra.*

In view of the record as a whole, we cannot say that trial counsel's strategic decision not to vigorously challenge the state's case based on appellant's own instructions demonstrates the counsel failed to zealously represent his client's interests or that such representation constituted ineffective assistance of counsel. Accordingly, appellant's second assignment of error is not well-taken.

### III

Appellant's third assignment of error maintains that there was insufficient evidence presented to support appellant's conviction of the felonious assault of Terry Lee Jones. This assignment is not well-taken.

In reviewing a challenge to the sufficiency of the evidence, the issue is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt after viewing the evidence in the light most favorable to the prosecution. See *Jackson* v. *Virginia* (1979), 443 U.S. 307, 319. A reviewing court may not reverse a judgment of conviction where the record shows a verdict based on sufficient evidence. *State* v. *Martin* (1986), 21 Ohio St. 3d 91, 95, 21 OBR 386, 389, 488 N.E. 2d 166, 169, affirmed (1987), 480 U.S. 228.

In the instant case, appellant was charged with felonious assault against Terry Lee Jones.[5] The evidence disclosed that Jones observed appellant stabbing George Stallworth in the neck with a knife. Jones stepped in to separate appellant from Stallworth and to take the knife from appellant. As Jones and appellant struggled for the knife, appellant cut Jones' hand. Jones and appellant eventually broke free of each other. Subsequently, appellant delivered the knife to Marjorie Conkle.

---

[5] R.C. 2903.11, felonious assault, provides in part:

"(A) No person shall knowingly:

"(1) Cause serious physical harm to another;

"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code."

R.C. 2901.22(B) provides:

"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

Viewing this evidence in this light most favorable to the prosecution, we cannot say that no rational trier of fact could have found the essential elements of felonious assault beyond a reasonable doubt. Appellant argues that Jones was accidentally cut and, thus, that at best appellant was guilty of negligent assault.[6] We do not agree.

The uncontroverted facts adduced by the state do not support appellant's claim that he was merely negligent. Appellant possessed the knife to attack Stallworth and, when Jones interceded, appellant forcefully resisted Jones' attempts to wrestle the knife away from appellant. In the course of this melee, Jones sustained injuries to his hand. We believe that these facts were sufficient to establish that appellant knowingly engaged in a course of conduct to cause or attempt to cause physical harm to Jones.

Accordingly, the evidence presented was sufficient to support the trial court's finding. The third assignment of error is without merit.

The judgment is affirmed.

*Judgment affirmed.*

MARKUS, C.J., and PRYATEL, J., concur.

_____

[6] R.C. 2903.14(A), negligent assault, provides:

"No person shall negligently, by means of a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code, cause physical harm to another."

R.C. 2901.22(D) provides:

"A person acts negligently when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that such circumstances may exist."