DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the October 11, 2007 judgment of the Lucas County Court of Common Pleas, Juvenile Division, which, after adjudicating defendant-appellant, Latina W., a delinquent child based upon her admission to aggravated arson, R.C. 2909.02(A)(2), committed appellant to a minimum of one year at the Ohio *Page 2 
Department of Youth Services ("DYS.") For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} A recitation of the relevant facts is as follows. On August 23, 2007, appellant, then 14 years old, lit a candle under her bed and lit another candle in a pile of clothing. Once the fire ignited, appellant climbed out her window and left the premises. Appellant's parents were in the home sleeping at the time appellant lit the fire; they were not injured. The home was severely damaged.
 {¶ 3} On August 24 2007, appellant was charged with aggravated arson, in violation of R.C. 2909.02(A)(2). At the August 30, 2007 pretrial, appellant entered an admission to the charge. After informing appellant of her constitutional rights and informing her of the possible penalties, the trial court found that appellant entered into the plea "knowingly, willingly, and voluntarily." Appellant then recounted the events of August 23, 2007, and the trial court found appellant to be a delinquent child in violation of R.C. 2909.02(A)(2). The court continued disposition pending a social history, a drug and alcohol assessment, and a psychological evaluation. The court also referred the matter to the domestic violence treatment team for a recommendation. The trial court's finding was journalized in its September 18, 2007 judgment entry.
 {¶ 4} On October 9, 2007, the disposition hearing was held. The state recommended that appellant be placed in either the Youth Treatment Center (" YTC") or be screened for services through an alternative treatment facility. Thereafter, the trial judge first noted that she had read the psychological evaluation and that although *Page 3 
appellant had symptoms of psychosis, she had not been diagnosed with any psychosis. The court then determined that based, in part, on the family's unwillingness to participate, the YTC was not an appropriate placement for appellant and sentenced her to the DYS for a minimum one-year sentence. The court further ordered appellant to make restitution and suspended her right to apply for a driver's license to the age of 21. This appeal followed.
 {¶ 5} Appellant now presents the following two assignments of error for our review:
 {¶ 6} "A. Appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section Sixteen of the Ohio Constitution.
 {¶ 7} "B. Appellant was denied her constitutional due process rights because she was adjudicated delinquent while incompetent to stand trial."
 {¶ 8} As did the state, we shall first address the issue of appellant's competency. In her second assignment of error, appellant asserts that the trial court committed plain error when it failed to hold a competency hearing or, alternatively, by failing to vacate the admission upon discovery of appellant's mental health issues. Conversely, the state argues that there is no evidence in the record to indicate that appellant was unable to consult with her attorney or failed to understand the nature of the proceedings. The state further argues that the parties' concern over appellant's mental state was not directed at *Page 4 
the issue of competency; rather, the focus was on fashioning a disposition that was in her best interests.
 {¶ 9} Crim. R. 52 provides that "plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The Ohio Supreme Court has explained that "[p]lain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise."State v. Wogenstahl, 75 Ohio St.3d 344, 357, 1996-Ohio-219.
 {¶ 10} Appellant contends that that trial court was under a duty to sua sponte order a competency hearing upon discovery of appellant's mental health issues. In State v. Rubenstein (1987), 40 Ohio App.3d 57, the court set forth a list of considerations for a court to use in determining whether, sua sponte, to order a competency hearing. Such considerations include: "(1) doubts expressed by counsel as to the defendant's competence; (2) evidence of irrational behavior; (3) the defendant's demeanor at trial; and (4) prior medical opinion relating to competence to stand trial." Id. at 60-61.
 {¶ 11} Further, regarding competency, the Supreme Court of Ohio has held that "[t]he term `mental illness' does not necessarily equate with the definition of legal incompetency." State v. Berry,72 Ohio St.3d 354, syllabus, 1995-Ohio-310. The Berry court further stated: "In Duskyv. United States (1960), 362 U.S. 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824,825, the United States Supreme Court set forth the test to determine whether a defendant is competent to stand trial, stating that `* * * the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable *Page 5 
degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him."' * * *. The right to a hearing on the issue of competency rises to the level of a constitutional guarantee where the record contains `sufficient indicia of incompetence,' such that an inquiry into the defendant's competency is necessary to ensure the defendant's right to a fair trial." (Citations omitted.) Id. at 359.
 {¶ 12} In the present case, trial counsel did not raise the issue of competency. Certainly, appellant's mental health issues were discussed and it was stressed that she needs continued therapy and psychological monitoring. Appellant did not display any irrational behavior during the proceedings; in fact, she wrote the trial judge a very coherent letter that was made a part of the record. Further, appellant was able to chronicle the events surrounding the charge and expressed that she understood the nature of the proceedings. Finally, the psychological evaluation submitted to the court did not raise the issue of competency. Accordingly, we find that the trial court did not err when it failed, sua sponte, to order a competency hearing. Appellant's second assignment of error is not well-taken.
 {¶ 13} In appellant's first assignment of error she contends that her counsel was constitutionally ineffective by failing to ensure that appellant was competent to enter an admission approximately one week after the charges were filed. Specifically, appellant agues that given her young age, the "heinous" nature of the acts, her lack of remorse, and her possible mental health issues, she probably lacked the ability to enter a knowing and voluntary plea. *Page 6 
 {¶ 14} The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v.Washington (1984), 466 U.S. 668, 686-687, 104 S.Ct. 2052,80 L.Ed.2d 674. In essence, appellant must show that the proceedings, due to her attorney's ineffectiveness, were so demonstrably unfair that there is a reasonable probability that the result would have been different absent her attorney's deficient performance. Id. at 693. Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his or her duties in an ethical and competent manner. State v.Hamblin (1988), 37 Ohio St.3d 153, 155-56.
 {¶ 15} Upon review of the record, there is no evidence to suggest that appellant's counsel was ineffective by allowing her client to enter an admission days after the incident. During the admission hearing, appellant was questioned about her understanding of the proceedings and her satisfaction with her counsel. Appellant also thoroughly recounted her actions on the night in question. Further, in our analysis of appellant's second assignment of error we found no evidence of irrational behavior or refusal to participate in the proceedings. Finally, the psychologist who conducted the evaluation indicated that appellant is of average or above average intelligence. *Page 7 
 {¶ 16} Based on the foregoing, we find that appellant was not denied the effective assistance of counsel by making an admission to the arson charge. Appellant's first assignment of error is not well-taken.
 {¶ 17} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCURS. *Page 1