[Cite as *In re R.H.*, 2013-Ohio-1030.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98426

## IN RE: R.H.
## A MINOR CHILD

## JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 11113162

**BEFORE:** Rocco, J., Celebrezze, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** March 21, 2013

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

By:   Charlyn Bohland
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Callista R. Plemel
Assistant County Prosecutor
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} Juvenile appellant R.H. appeals from the trial court's final judgment adjudicating R.H. delinquent and sentencing him to the Department of Youth Services ("DYS"). R.H. argues that the trial court erred in finding R.H. competent to stand trial and that his defense counsel was ineffective in stipulating to the competency assessment that was used by the trial court. We overrule both assignments of error and affirm the final judgment.

{¶2} On July 19, 2011, the state filed a complaint against R.H. in the Cuyahoga County Juvenile Court, charging him with burglary with a firearm specification; grand theft; and theft with a firearm specification ("the burglary case"). The burglary case is the underlying subject of this appeal. At the time of his arraignment on August 20, 2011, R.H. also had a number of other open cases.

{¶3} On October 19, 2011, and November 4, 2011, R.H. underwent a competency examination ("the competency assessment") to determine whether he was competent to stand trial in one of these other open cases. In that case, R.H. was charged with two counts of aggravated assault ("the aggravated assault case"). The psychologist who examined R.H. determined that R.H. was competent to stand trial on the aggravated assault case.

{¶4} The competency assessment revealed that R.H. has a full scale IQ of 57, which "places him in the extremely low classification and at the 0.2 percentile." After summarizing the results of the interviews with R.H., the competency assessment

concluded that, "despite his severe cognitive limitations, [R.H.] is competent to stand trial." Although the competency assessment was specific to the aggravated assault case, the competency assessment set forth that R.H. "stated that he was [also] charged with [b]reaking [a]nd [e]ntering but [he] refused a plea bargain, against his attorney's advice, because he was innocent."

{¶5} On December 16, 2011, R.H. appeared at a pretrial hearing before the trial judge where a number of R.H.'s open cases were discussed, including the burglary case. In the course of a discussion regarding a probation violation in another pending case, R.H.'s attorney and the state stipulated to the results of the competency assessment. In sum: (1) the competency assessment was prepared in conjunction with R.H.'s aggravated assault case; and (2) the results of the competency assessment were used to establish R.H.'s competency in the burglary case.[1]

{¶6} The burglary case against R.H. proceeded to trial on March 20, 2012. At the trial's conclusion, the trial court adjudicated R.H. delinquent on all charges, but held in abeyance its decision on the firearm specifications. On

---

[1] Because several open cases were being discussed simultaneously, the transcript is less than clear as to whether the trial court was finding that R.H. was competent to stand trial for the probation violation only, or whether he was competent to stand trial in the burglary case as well. Furthermore, there is no docket entry indicating that the trial court made a competency finding with respect to the burglary case. However, R.H. does not argue on appeal that the trial court failed to make any competency finding in the instant case. R.H. has forfeited this argument, and so we will not address it on appeal. Instead, R.H. argues that the trial court did make a competency finding, but that its finding was made in error.

May 2, 2012, the trial court found R.H. delinquent on the firearm specifications. On that same day, the trial court committed R.H. to DYS for a minimum period of one year for the burglary, six months for the grand theft, and six months for the theft, to be served concurrently, with a maximum to his 21st birthday. The trial court did not impose additional time for the firearm specifications.

{¶7} R.H. filed a notice of appeal setting forth two assignments of error for our review:

> **I.    R.H. was denied his right to due process, because he was adjudicated delinquent when he was incompetent to stand trial, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution.**
>
> **II. R.H. was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.**

For the reasons that follow, we overrule both assignments of error.

{¶8}   In his first assignment of error, R.H. argues that the trial court erred in adjudicating R.H. delinquent because he was incompetent to stand trial. R.H. did not object to any aspect of the competency assessment at the trial-court level. In fact, R.H.'s attorney stipulated that R.H. was competent to stand trial in the burglary case. Accordingly, we review this assignment of error only for plain error. *See State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064, ¶ 29. Under the plain-error standard, we will not reverse unless there was an error that was so plain that it created an "obvious defect in the trial proceedings," and the error "affected the outcome of the trial." *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶9} Due process requires that a defendant must be legally competent in order to stand trial. *State v. Rubenstein*, 40 Ohio App.3d 57, 60, 531 N.E.2d 732 (8th Dist.1987). The right to be tried only when competent is equally fundamental in juvenile proceedings. *In re Williams*, 116 Ohio App.3d 237, 241, 687 N.E.2d 507 (2d Dist.1997).

{¶10} In juvenile cases, competency determinations are now governed by R.C. 2152.51-2152.59, which became effective on September 30, 2011. Prior to the enactment of these provisions, R.C. 2945.37, which governs competency for adults, also governed competency for juveniles, so long as the standards that were applied were consistent with juvenile norms. *In re York*, 142 Ohio App.3d 524, 536, 756 N.E.2d 191 (8th Dist.2001). R.C. 2945.371(G) had set forth the requirements for juvenile competency reports mandating that they include: (1) the examiner's findings; (2) the facts in reasonable detail on which the findings are based; (3) whether the defendant is capable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense.

{¶11} Under the new juvenile provisions, R.C. 2152.56(B) mandates that a competency assessment report shall address the child's capacity to do all of the following:

(1) Comprehend and appreciate the charges or allegations against the child;
(2) Understand the adversarial nature of the proceedings, including the role of the judge, defense counsel, prosecuting attorney, guardian ad litem or court-appointed special assistant, and witnesses;
(3) Assist in the child's defense and communicate with counsel;
(4) Comprehend and appreciate the consequences that may be imposed or result from the proceedings.

Notably different in the new provision is the requirement that the report assess the juvenile's capacity to "[c]omprehend and appreciate *the charges or allegations* against the child." (Emphasis added.) R.C. 2152.56(B)(1).

{¶12} Competency assessments can be admitted into evidence by stipulation. R.C. 2152.58. Furthermore, when determining competency, the trial court is allowed to consider additional evidence beyond the competency assessment, including the court's own observations of the child's conduct and demeanor. R.C. 2152.58(C).

{¶13} According to R.H., it was plain error for the trial court to use the results of the competency assessment in the aggravated assault case to establish competency in the burglary case. R.H. argues that R.C. 2152.56(B)(1) requires that the competency assessment address R.H.'s ability to comprehend and appreciate the charges or allegations pertinent to the burglary case, because the specific elements, details, and allegations in the burglary case were completely different from the elements, details, and allegations in the aggravated assault case.

{¶14} We conclude that, although the trial court erred in using the competency assessment from the aggravated assault case to determine competency in the burglary case, the error in this case did not rise to the level of plain error. Because the statute requires that a competency assessment set forth whether the juvenile can comprehend and appreciate the charges or allegations, the trial court should have required a separate assessment for the burglary case. The underlying facts and applicable law in the burglary case were unrelated to that of the aggravated assault case. The need for

separate competency assessments in this case is compounded by the fact that there were numerous open cases against R.H. and R.H. had an extremely low IQ; therefore, it would be even more difficult for him to keep track of the different charges and allegations in each case.

{¶15} Although we find error, we do not find that the trial court's error was so plain that it created an "obvious defect in the trial proceedings," nor that the error "affected the outcome of the trial." First, R.H. concedes that his trial counsel stipulated to R.H.'s competency to stand trial in the burglary case. *See* R.C. 2152.58.

{¶16} Furthermore, the competency assessment does contain information pertaining to the burglary case that could be used to establish R.H.'s competency in the burglary case. Although the competency assessment was ordered for the aggravated assault case, the assessment does reference a "breaking and entering" case where R.H. reported to the evaluator that he refused a plea bargain, against his attorney's advice, because he was innocent. Although the burglary case did not involve a breaking and entering charge, the elements of these crimes are similar, and based on the surrounding facts, we infer that R.H. was referring to the burglary case. There was no breaking and entering case pending at the time. Moreover, in common parlance, burglary is often referred to as "B and E" or "breaking and entering." R.H.'s statement to the evaluator essentially demonstrated that R.H. understood what a plea bargain was, that he understood the role of his defense attorney in counseling him and providing him with

advice on the charges in the burglary case, and that he was aware that he did not have to admit to the charges if he believed himself to be innocent of those charges.

{¶17} Because R.H. stipulated to competency, and because the competency assessment in the aggravated assault case conveyed information that could lead an evaluator to conclude that R.H. was also competent in the burglary case, we cannot conclude that the error in this case rose to the level of plain error. Accordingly, we overrule the first assignment of error.

{¶18} In his second assignment of error, R.H. argues that his trial counsel was ineffective in stipulating to the findings of the competency assessment and in failing to request an additional competency assessment specific to the burglary case. Although we agree that trial counsel erred, we conclude that R.H. was not prejudiced by the error, and so we overrule the second assignment of error.

{¶19} A criminal defendant has the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To determine whether a defendant received ineffective assistance of counsel, we first evaluate whether counsel's performance was deficient, meaning errors were so serious that counsel was not functioning as "counsel" guaranteed to the defendant under the Sixth Amendment. *Id.* at 687. If we determine that counsel's performance was deficient under the first prong, we must then determine whether the errors prejudiced the defendant such that the defendant was deprived of a fair and reliable trial. *Id.* We determine prejudice by analyzing whether "there is a reasonable probability that but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Reasonable probability" is defined as probability sufficient to undermine confidence in the outcome. *Id.*

{¶20} For the reasons given under the first assignment of error, we conclude that R.H.'s counsel erred in stipulating to the competency evaluation and in failing to request a separate evaluation in the burglary case. However, assuming arguendo that this error constituted deficient performance under prong one, we cannot conclude that this error prejudiced R.H. such that he was deprived of a fair and reliable trial.

{¶21} In deciding that R.H. was not prejudiced by counsel's deficiencies, we again rely on the statements that R.H. made to the evaluator when he underwent the competency assessment for the aggravated assault case. Based on those statements, we conclude that it is likely that, had R.H. undergone a separate competency assessment for the burglary case, an evaluator would have deemed R.H. competent to stand trial on those charges. It follows that the case would have proceeded to trial, and R.H. would have been adjudicated delinquent. While we cannot be certain of what the outcome would have been had there been a separate competency evaluation for the burglary case, we also cannot conclude that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Because this is the relevant standard, we overrule the second assignment of error.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

The judgment of the Juvenile Court is affirmed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
TIM McCORMACK, J., CONCUR