[Cite as *State v. Bradley*, 2013-Ohio-5146.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

     Plaintiff-Appellee

-vs-

MICHAEL H. BRADLEY

     Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 13 COA 13


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Municipal Court, Case No. 13 CRB 306 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | November 20, 2013 |


APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

MATTHEW J. MALONE
LAW OFFICES OF MATTHEW J. MALONE
11-1/2 East Second Street
Ashland, Ohio  44805

*Wise, J.*

{¶1} Appellant Michael H. Bradley appeals his sentence entered in the Ashland County Court of Common Pleas on one count of Domestic Violence, in violation of R.C. §2919.25(A).

{¶2} Appellee State of Ohio did not file a response brief in this matter.

## STATEMENT OF THE FACTS AND CASE

{¶3} On March 10, 2010, the Ashland Police Department served a Summons and Complaint on Defendant-Appellant Michael H. Bradley, charging him with one count of domestic violence, pursuant to R.C. §2919.25(A), a misdemeanor of the first degree.

{¶4} The Complaint alleged:

{¶5} "The undersigned issuing officer says that the person whose name appears above did on the 10th day of March, 2013 at 3:30 PM unlawfully and knowingly cause or attempt to cause physical harm to a family member or household member to wit: Mr. Michael Bradley poked his father with a baseball bat and struck his mother in the left arm after a verbal altercation." (Complaint and Summons, filed March 11, 2013.)

{¶6} At his March 11, 2013 arraignment, Appellant appeared unrepresented by counsel and entered a plea of no contest to the charge contained in the Summons and Complaint. (Arraign. T. at 5). After a brief colloquy with Appellant, the trial court accepted his no contest plea, found him guilty of domestic violence, and ordered a pre-sentence investigation. (Arraign. T. at 5-10, 14).

{¶7} On April 23, 2013, Appellant appeared for sentencing, again without counsel. (Sent. T. at 1). The trial court sentenced Appellant to 180 days in the Ashland County Jail, suspended 150 days while giving credit for time served, placed him on

intensive probation for one year, and ordered him to pay a fine of $150 plus court costs. (Sent. T. at 13-14).

{¶8} Appellant now appeals, assigning the following errors for review:

**ASSIGNMENTS OF ERROR**

{¶9} "I. THE ASHLAND, OHIO MUNICIPAL COURT ERRED BY NOT INQUIRING WHETHER DEFENDANT-APPELLANT WAS ABLE TO OBTAIN COUNSEL AND THEN IMPOSING A SENTENCE OF CONFINEMENT FOR HIS UNCOUNSELED NO CONTEST PLEA.

{¶10} "II. THE ASHLAND, OHIO MUNICIPAL COURT ERRED BY NOT MAKING FURTHER INQUIRY INTO DEFENDANT-APPELLANT'S COMPETENCE WHERE THERE EXISTED SUFFICIENT INDICIA OF INCOMPETENCE TO ENTER A PLEA AND THEN BY ACCEPTING DEFENDANT-APPELLANT'S UNCOUNSELED NO CONTEST PLEA."

**II.**

{¶11} For ease of discussion, we shall address Appellant's assignments of error out of order.

{¶12} In his Second Assignment of Error, Appellant argues that the trial court erred in not making further inquiry into his competence before accepting his no contest plea made without legal representation.

{¶13} The conviction of a defendant who is not competent to enter a plea violates due process of law. *See State v. Skatzes,* 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, at ¶ 155, citing *Drope v. Missouri* (1975), 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103, and *State v. Berry* (1995), 72 Ohio St.3d 354, 359, 650

N.E.2d 433. A trial court possesses no need to sua sponte inquire into a defendant's competency unless the record contains " 'sufficient indicia of incompetence,' such that an inquiry * * * is necessary to ensure the defendant's right to a fair trial." *Berry,* 72 Ohio St.3d at 359, quoting *Drope,* 420 U.S. at 175; *see, also, State v. Ahmed,* 103 Ohio St.3d 27, 2004-Ohio-4190, 813 N.E.2d 637, at ¶ 65. However, in the absence of evidence to the contrary, a criminal defendant is rebuttably presumed competent to enter a guilty plea. *See* R.C. 2945.37(G); *State v. Were,* 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, at ¶ 45

{¶14} Pursuant to R.C. 2945.37(G), a defendant is presumed competent to stand trial unless it is proved by a preponderance of the evidence in a hearing that because of his present mental condition, he is incapable of understanding the nature and objective of the proceedings against him or of assisting in his defense. "The test for competency is whether the defendant has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of proceedings against him." *In re Kristopher F.,* Stark App. No. 2006CA00312, 2007–Ohio–3259, ¶ 25.

{¶15} During Appellant's arraignment, it was explained to the trial court that the events leading up to the domestic violence charge were brought on by Appellant's failure to take his medication and the parents' efforts to try to make him take such medication. A review of the transcript from the arraignment reveals over a dozen references made regarding Appellant's failure to take his medication, his mental health, and the fact that he suffers from schizophrenia.

**{¶16}** Further, the transcript from the sentencing hearing reveals that the sentencing hearing had to be postponed due to the fact that Appellant was receiving treatment in Heartland Behavioral Healthcare center for 40 days. (Sent. T. at 5). Additionally, much discussion was had regarding Appellant's mental health, his need for medication, which would include monthly injections of Haldol, the need for weekly counseling and monthly psychiatric treatment. (Sent. T. at 7-9) It was also discussed that Appellant takes Depakote for mood stabilization and Cogentin for the side effects. (Sent. T. at 10).

**{¶17}** Based on the record before us, we find there are sufficient indicia of incompetency to warrant a hearing on the issue of incompetency. "It is settled law that 'a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial.' " *State v. Rubenstein,* 40 Ohio App.3d 57, 60, 531 N.E.2d 732 (8th Dist.1987), quoting *Drope v. Missouri,* 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).

**{¶18}** Appellant's Second Assignment of Error is sustained.

I.

**{¶19}** In his First Assignment of Error, Appellant asserts the trial court violated his Constitutional right to counsel as well his rights under Crim.R. 11 and 44. Specifically, Appellant submits the trial court violated his rights by failing to appoint an attorney for him or having him voluntarily, intelligently, and knowingly waive such right; by accepting his plea without undertaking a Crim.R. 11 colloquy; and by failing to inquire

and determine whether Rouse's plea was voluntarily, intelligently, and knowingly entered.

**{¶20}** Crim. R.11 governs pleas and a defendant's rights upon entering a plea as follows:

**{¶21}** "(A) Pleas

**{¶22}** "A defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest. A plea of not guilty by reason of insanity shall be made in writing by either the defendant or the defendant's attorney. All other pleas may be made orally. The pleas of not guilty and not guilty by reason of insanity may be joined. If a defendant refuses to plead, the court shall enter a plea of not guilty on behalf of the defendant.

**{¶23}** "* * *

**{¶24}** "(D) Misdemeanor cases involving serious offenses

**{¶25}** "In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily. Where the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim.R. 44 by appointed counsel, waives this right.

**{¶26}** "(E) Misdemeanor cases involving petty offenses

**{¶27}** "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." *Id.*

*{¶28}* Crim.R. 2(D) defines a "petty offense" as: "a misdemeanor other than a serious offense." "Serious offense" is defined as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C).

**{¶29}** The offense of domestic violence as charged against Appellant is a first degree misdemeanor for which the penalty prescribed by law does not include confinement for more than six months. Thus, the trial court was required to follow the procedure set forth in Crim.R. 11(E).

**{¶30}** A review of the record reveals that the trial court did not inquire of the Appellant whether he was able to obtain counsel, and if he was unable, whether he waived the right to appointed counsel.

**{¶31}** Based on the foregoing, we find Appellant's First Assignment of Error well-taken and sustain same.

{¶32} For the foregoing reasons, the decision of the Municipal Court of Ashland County, Ohio, is reversed and this matter is remanded for further proceedings consistent with the law and this opinion.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

_____
HON. JOHN W. WISE

_____
HON. W. SCOTT GWIN

_____
HON. CRAIG R. BALDWIN

JWW/d 11/04

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MICHAEL H. BRADLEY | : | |
| | : | |
| Defendant-Appellant | : | Case No. 13 COA 13 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Ashland County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to Appellee.

_____
HON. JOHN W. WISE

_____
HON. W. SCOTT GWIN

_____
HON. CRAIG R. BALDWIN