OPINION
{¶ 1} Appellant, Gary R. Cardinal, appeals from judgments of the Franklin County Municipal Court finding him guilty of telephone harassment and child endangering, and sets forth the following assignment of error:
The trial court abused its discretion by circumventing the speedy trial provisions in O.R.C. 2945.71 when it ordered a competency referral over defense counsel's objection.
 {¶ 2} Appellant was arrested on October 9, 2003, on five misdemeanor charges and asserted his right to a speedy trial. Therefore, appellant had to be brought to trial within 90 days, or no later than January 7, 2004. On December 17, 2003, the trial court, over appellant's objection, sua sponte ordered an examination to determine appellant's competency to stand trial. On December 21, 2004, the successor to the original trial judge found appellant competent to stand trial. In exchange for a plea of no contest to two charges, appellee, the City of Columbus, dismissed the three remaining misdemeanor charges.[1]
Appellant entered a plea of no contest to telephone harassment and child endangering, and was found guilty and sentenced by the trial court.
 {¶ 3} R.C. 2945.72(B) provides that the time in which a defendant must be brought to trial is tolled while his competency is being evaluated. Therefore, if the trial court abused its discretion in ordering a competency examination, appellant was not brought to trial timely when he entered his plea of no contest on January 21, 2004, and the charges against him must be dismissed.
 {¶ 4} "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." State v. Berry (1995), 72 Ohio St.3d 354,359, certiorari denied (1996), 516 U.S. 1097. In Berry, the Supreme Court of Ohio observed that "the United States Supreme Court set forth the test to determine whether a defendant is competent to stand trial, stating that `* * * the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him."'" Id. quoting Dusky v. United States
(1960), 362 U.S. 402. Furthermore, "[t]he right to a hearing on the issue of competency rises to the level of a constitutional guarantee where the record contains `sufficient indicia of incompetence,' such that an inquiry into the defendant's competency is necessary to ensure the defendant's right to a fair trial." Berry, at 359.
 {¶ 5} Under Ohio law, R.C. 2945.37 "protects the right of a criminal defendant not to be tried or convicted while incompetent." Id. at 359. Pursuant to R.C. 2945.37(B):
(B) In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.
 {¶ 6} In State v. Bock (1986), 28 Ohio St.3d 108, 110, the Ohio Supreme Court stated:
Incompetency is defined in Ohio as the defendant's inability to understand "* * * the nature and objective of the proceedings against him or of presently assisting in his defense." R.C.2945.37(A). Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel.
 {¶ 7} Whether to order a competency hearing, pursuant to R.C.2945.37, lies within the sound discretion of the trial court.State v. Eskridge (Sept. 10, 1991), Franklin App. No. 91AP-182;State v. Bowen (Dec. 12, 1996), Cuyahoga App. No. 70054; Statev. Bailey (1992), 90 Ohio App.3d 58, 67, appeal dismissed as improvidently allowed (1994), 68 Ohio St.3d 1212. Therefore, absent an abuse of discretion, the trial court's determination about whether to order a competency hearing shall not be disturbed. In order to find that the trial court abused its discretion, we must find more than an error of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Most instances of an abuse of discretion result in decisions that are unreasonable as opposed to arbitrary and capricious. AAAA Enterprises, Inc. v.River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157. A decision that is unreasonable is one that has no sound reasoning process to support it.
 {¶ 8} In State v. Rubenstein (1987), 40 Ohio App.3d 57, 60, the Eighth District Court of Appeals observed that "[t]he [United States] Supreme Court has not prescribed a general standard to measure the nature or quantum of evidence necessary to merit asua sponte hearing on an accused's competence to stand trial." However, the Rubenstein court outlined the following as relevant considerations: "(1) doubts expressed by counsel as to the defendant's competence; (2) evidence of irrational behavior; (3) the defendant's demeanor at trial; and (4) prior medical opinion relating to competence to stand trial." Id. at 60-61. See, also, State v. Archie (Sept. 27, 1990), Franklin App. No. 89AP-804, construing Bock and Rubenstein (observing that "[t]he upshot of Bock and Rubenstein is that, if the record suggests that there is doubt regarding defendant's competency to stand trial because of his behavior or demeanor at trial [or previous to it], the trial court should order a competency hearing"); Williams v. Bordenkircher (C.A.6, 1983),696 F.2d 464, 466, fn. 1, certiorari denied, sub nom. Williams v.Sowders (1983), 461 U.S. 916 (observing that "[t]he constitutional obligation to hold an evidentiary hearing depends heavily on the factual circumstances of each case").
 {¶ 9} None of the factors set forth in Rubenstein appear in the record. There was no evidence in the record of irrational behavior on the part of appellant. His demeanor, to the extent it is reflected in the record, was respectful to the court, indicated an awareness of the issues and his ability to participate in his own defense. For example, he had documents relating to the issues before the court from other states and was concerned that they had to be certified prior to being introduced into evidence. Last, there is no evidence of any prior medical evidence regarding his competency to stand trial.
 {¶ 10} Appellee argues that appellant's conduct raises questions as to his competency and cites his failures to appear on some court dates, as well as his failure to pay court costs. Appellee also argues appellant underwent a competency evaluation at the request of his own attorney; however, appellant's counsel stated appellant was evaluated for purposes of mitigation, not competency. Appellant provided an explanation for his failure to appear on two of three occasions. Appellant explained he had car trouble and his attorney verified a receipt for car repairs to the ignition. Appellant also stated his former attorney told him he would not need to appear but could be available by telephone. There was nothing to suggest an irrational refusal to pay court costs. Considering that, in the trial court, appellant was, and on appeal still is, represented by the public defender, economic difficulties seems a better explanation.
 {¶ 11} The only reasons offered by the court for ordering a competency examination were the apparent long negotiations to reach a resolution of all the charges and appellant's failure to pay court costs in exchange for a dismissal of the charges. The charges against appellant all involved contact with either his former spouse or his children. Given the number of charges, the domestic background from which they arose and the fact that some of the cases had been assigned to another judge, it is not uncommon for negotiations in such a situation to be lengthy. As previously stated, appellant was represented by the public defender in the trial court and there is no evidence as to whether his failure to pay costs was simply the result of his financial inability to pay. If the reasons advanced by the state or the trial court form a proper basis for ordering a competency examination, a vast number of defendants would be subject to such a procedure. While the state suggests appellant was trying to manipulate the system to his benefit, this does not demonstrate incompetency.
 {¶ 12} Therefore, appellant's assignment of error is sustained, the judgments of the Franklin County Municipal Court in case Nos. 04AP-230 and 04AP-231 are reversed and these matters are remanded to the trial court with instructions to dismiss the charges against appellant, and case Nos. 04AP-229, 04AP-232 and 04AP-233 are dismissed.
Judgments in case Nos. 04AP-230 and 04AP-231 reversed andcauses remanded with instructions; case Nos. 04AP-229, 04AP-232and 04AP-233 are dismissed.
Petree and Klatt, JJ., concur.
Petree, J., concurring in judgment only.
[1] The charges in case Nos. 2002 CRB 24741, 2003 CRB 10637 and 2003 CRB 9789 were dismissed and these issues are not presently before the court. Assuming appellant's right to a speedy trial was violated in these three cases, the only remedy this court could order would be dismissal. Inasmuch as this has already occurred, albeit for different reasons, issues as to these cases are moot. James A. Keller, Inc. v. Flaherty (1991),74 Ohio App.3d 788.