OPINION
{¶ 1} Defendant-appellant Michael Maxwell appeals his conviction and sentence from the Zanesville Municipal Court on one count of assault. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 6, 2006, two complaints were filed in the Zanesville Municipal Court alleging that appellant had violated Sections 537.06 (menacing) and 537.03 (assault) of the Codified Ordinance of the City of Zanesville. While assault is a misdemeanor of the first degree, menacing is a misdemeanor of the fourth degree. On June 20, 2006, appellant filed a written jury demand and a written plea of not guilty.
 {¶ 3} A bench trial was held on October 13, 2006. As memorialized in a Judgment Entry filed the same day, appellant was found guilty of assault, but not guilty of menacing. Appellant was fined $100.00 and sentenced to five (5) days in jail. All five (5) days were suspended "on condition of no offenses of similar nature within two years."
 {¶ 4} Appellant now raises the following assignments of error on appeal:
 {¶ 5} "I. ONCE A DEFENDANT FILES A WRITTEN JURY DEMAND THE ONLY WAY IT CAN BE WAIVED IS IN WRITING AND ON THE RECORD AND THE TRIAL COURT FAILED TO DO SUCH.
 {¶ 6} "II. IT WAS IMPROPER FOR THE TRIAL COURT TO ADMIT THE PRIOR MISDEMEANOR CONVICTION OF THE DEFENDANT/APPELLANT."
 I *Page 3 {¶ 7} Appellant, in his first assignment of error, argues that the trial court erred in conducting a bench trial because appellant filed a written jury demand and did not waive the same in writing on the record. We agree.
 {¶ 8} The accused's right to be tried by a jury is secured in this State by Article I, Section 10 of the Ohio Constitution and R.C.2945.17. R.C. 2945.17 states, in relevant part, as follows: "(A) At any trial, in any court, for the violation of any statute of this state, or of any ordinance of any municipal corporation, except as provided in divisions (B) and (C) of this section, the accused has the right to be tried by a jury.
 {¶ 9} "(B) The right to be tried by a jury that is granted under division (A) of this section does not apply to a violation of a statute or ordinance that is any of the following:
 {¶ 10} "(1) A violation that is a minor misdemeanor;
 {¶ 11} "(2) A violation for which the potential penalty does not include the possibility of a prison term or jail term and for which the possible fine does not exceed one thousand dollars."
 {¶ 12} Appellant, in the case sub judice, was charged with assault, a misdemeanor of the first degree. A first degree misdemeanor punishable by a maximum term of imprisonment of six months. R.C. 2929.24(A)(1). Thus, appellant had a right to by tried by a jury.
 {¶ 13} Crim.R. 23(A) governs trial by jury and states, in relevant part, as follows: "In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later." A "petty *Page 4 
offense" is defined as "a misdemeanor other than a serious offense," i.e. other than a misdemeanor "for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(D) and (C). For assault, a first degree misdemeanor, the maximum potential jail term "shall be * * * not more than one hundred eighty days." R.C. 2929 .24(A)(1). Thus assault is classified as a petty offense case.
 {¶ 14} Where a defendant charged with a petty offense demands a trial by jury, any waiver of the previously requested jury trial must be in writing and signed by the defendant. State v. Cheadle (1986),30 Ohio App.3d 253, 507 N.E.2d 426. See also R.C. 2945.05. Upon our review of the record, we find that a written jury waiver was never filed with the clerk of courts and made a part of the record. Appellant, therefore, was denied his right to a jury trial.
 {¶ 15} Appellant's first assignment of error is, there, sustained.
 II {¶ 16} Appellant, in his second assignment of error, argues that the trial court erred in admitting appellant's prior misdemeanor conviction.
 {¶ 17} Based on our disposition of appellant's first assignment of error, appellant's second assignment of error is moot.
 {¶ 18} Accordingly, the judgment of the Zanesville Municipal Court is reversed and this matter is remanded for a jury trial.
 Edwards, J., Gwin, P.J. and Wise, J. concur *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Zanesville Municipal Court is reversed and this matter is remanded for a jury trial. Costs assessed to appellee. *Page 1