[Cite as *State v. Cunningham*, 2025-Ohio-1068.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                              :

    Plaintiff-Appellee,              :

                                    No. 24AP-260

v.                                         :     (M.C. No. 2023 CRB 12795)

Phyllis D. Cunningham,                     :     (REGULAR CALENDAR)

    Defendant-Appellant.             :

---

D E C I S I O N

Rendered on March 27, 2025

---

**On brief:** *Zachary M. Klein*, City Attorney, *Melanie R. Tobias-Hunter*, and *Orly Ahroni*, for appellee. **Argued:** *Orly Ahroni*.

**On brief:** *Alana L. Van Gundy*, for appellant. **Argued:** *Alana L. Van Gundy*.

APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1} Defendant-appellant, Phyllis D. Cunningham, appeals from an order of the Franklin County Municipal Court dismissing the charge against her based on the court's finding that Cunningham was incompetent to stand trial. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On August 6, 2023, Cunningham was charged with one count of aggravated menacing, a first-degree misdemeanor in violation of R.C. 2903.21. The complaint and affidavit in support of probable cause alleged that Cunningham knowingly caused one of her neighbors to believe she would cause him serious physical harm by pulling out a handgun and pointing it at his head. Cunningham pleaded not guilty to the charge and

requested a jury trial. At the request of Cunningham's trial counsel, on November 14, 2023, the trial court ordered a psychological evaluation to determine whether Cunningham was competent to stand trial. Dr. John Tilley performed an evaluation of Cunningham and, in a report issued on December 18, 2023, stated that Cunningham did not show any significant impairments in her mental status and was psychiatrically stable. Dr. Tilley concluded Cunningham was presently capable of understanding the nature and objective of the proceedings against her and assisting in her defense. The evaluation report was filed with the trial court under seal. Based on Dr. Tilley's evaluation report, the trial court issued an order on December 19, 2023, finding Cunningham competent to stand trial.

{¶ 3} The prosecution offered to dismiss the charge if Cunningham would complete an anger management course and three individual counseling sessions and pay court costs or forfeit the firearm. Cunningham rejected that offer and requested that the case proceed to trial.

{¶ 4} In early February 2024, Cunningham's trial counsel contacted Dr. Tilley and requested a reevaluation.[1] After conducting a follow-up interview, Dr. Tilley issued a report on March 3, 2024, asserting Cunningham had been uncooperative with the second assessment but that there was sufficient evidence to conclude she was mentally ill. Dr. Tilley opined that Cunningham was presently incapable of understanding the nature and objective of the proceedings against her and assisting in her defense. He also further opined it was unlikely Cunningham would be restored to competency within the time allowed by law because she lacked insight into her mental status and was unlikely to comply with any recommended treatment.

{¶ 5} The trial court's docket reflects that Dr. Tilley's second evaluation report was filed under seal on March 7, 2024. At a hearing held that same day, Cunningham's trial counsel advised the trial court that "[b]ased on the second evaluation by Dr. Tilley, who also happens to be the Court's doctor that we use for competencies, Ms. Cunningham was found not competent and not likely to be restored within the time allotted by law and, based on the evaluation, does not meet the criteria for probate." (Mar. 7, 2024 Tr. at 2.) At the request of Cunningham's trial counsel, the trial court verbally advised Cunningham that

---

[1] At a hearing on February 5, 2024, Cunningham's trial counsel advised the trial court that she was arranging a second competency evaluation and that the report of that second evaluation would be filed with the trial court. The state did not object to the plan to obtain a second competency evaluation.

because of the finding of incompetency she would be prohibited from possessing a firearm. The state stipulated to the second evaluation report. The trial court then dismissed the case. Cunningham asserted she did not agree with dismissal of the charge if it imposed a prohibition on her retaining her firearm. The trial court issued a written order dismissing the charge against Cunningham based on its finding that she was incompetent to stand trial and that there was not a substantial probability she would become competent to stand trial within the time permitted by law. The order was signed by the trial court, the prosecutor, and Cunningham's trial counsel.

## II.  Assignment of Error

{¶ 6}  Cunningham appeals and assigns the following five assignments of error for our review:

> [I.] The trial court erred when it did not hold a mandatory competency hearing.
>
> [II.] The trial court erred when it found Ms. Cunningham incompetent.
>
> [III.] The trial court erred when it placed a weapons disability on Ms. Cunningham.
>
> [IV.] Ms. Cunningham's attorney provided ineffective assistance of counsel.
>
> [V.] The trial court violated Ms. Cunningham's Sixth Amendment rights to the right to a jury trial.

## III.  Discussion

### A.  Ineffective assistance of counsel

{¶ 7}  We begin with Cunningham's fourth assignment of error, in which she asserts her trial counsel provided ineffective assistance by requesting the second psychological evaluation.

{¶ 8}  Cunningham must satisfy a two-prong test to demonstrate ineffective assistance of counsel. First, she must demonstrate that her trial counsel's performance was deficient. Second, she must demonstrate that the deficient performance prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-42 (1989). "The failure to make *either* showing defeats a claim of ineffective

assistance of counsel." (Emphasis added.) *State v. Kennard*, 2016-Ohio-2811, ¶ 14 (10th Dist.), citing *Bradley* at 143.

**{¶ 9}** Establishing deficient performance requires demonstrating that "counsel's performance fell below an objective standard of reasonable representation." *State v. Nicholson*, 2024-Ohio-604, ¶ 318. *See Strickland* at 687 ("[T]he defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."). Judicial scrutiny of counsel's performance is highly deferential, and we apply a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *Bradley* at 141-42. In this case, Cunningham asserts her trial counsel performed deficiently because she did not have a good faith reason to pursue the second psychological evaluation. Cunningham argues her trial counsel only requested the second evaluation because Cunningham was perceived as a difficult client who refused to accept the prosecution's offer and insisted on going to trial.[2]

**{¶ 10}** Dr. Tilley's second evaluation report belies Cunningham's claim that her trial counsel lacked a basis to pursue the second evaluation. In his first evaluation report, Dr. Tilley found that Cunningham was opinionated and had a forceful personality, and could act defiantly when feeling pressured, which led to friction with her trial counsel. Notwithstanding those issues, Dr. Tilley found that Cunningham had the capacity to understand the proceedings against her and to assist in her defense. By contrast, Dr. Tilley concluded in the second evaluation report that Cunningham had decompensated psychiatrically since the first evaluation. He noted that in requesting the second evaluation, Cunningham's trial counsel expressed concern about Cunningham's inability to remember vital aspects about the case, to recall the prosecution's offer even though it had been given to her in writing, and to understand what a dismissal of the case meant. Dr. Tilley's observations substantiated those concerns, noting that Cunningham refused to cooperate in psychological testing and was unduly paranoid and irrational about the testing. Dr. Tilley reported that although Cunningham knew she was charged with aggravated menacing, she

---

[2] At oral argument, Cunningham's appellate counsel asserted that Cunningham's trial counsel also provided ineffective assistance by failing to obtain discovery from the prosecution or share discovery with Cunningham. However, this argument was not asserted in Cunningham's brief on appeal, and we do not address issues raised for the first time on appeal at oral argument. *See State v. Sheets*, 2025-Ohio-355, ¶ 8, fn. 1 (10th Dist.).

could not explain the meaning of that charge or the allegations against her and had difficulty identifying the potential penalties she faced if convicted. He also reported that although Cunningham acknowledged she did not know the allegations against her, she maintained there was no possible chance she could be convicted. Dr. Tilley noted that these deficiencies in Cunningham's understanding were not present during the first evaluation. Based on his observations during the second evaluation, Dr. Tilley concluded that Cunningham's mental condition had worsened considerably since the first evaluation.

{¶ 11} However, even if Cunningham could establish deficient performance, we conclude she fails on the second part of the test for ineffective assistance of counsel. As noted above, both parts of the test must be satisfied for a successful claim. Establishing prejudice requires demonstrating "that there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *State v. Davis*, 2020-Ohio-309, ¶ 10. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Bradley*, 42 Ohio St.3d at 142, quoting *Strickland*, 466 U.S. at 694.

{¶ 12} As explained below, due process requires that an incompetent defendant may not be tried. Therefore, after Dr. Tilley concluded Cunningham was not competent to stand trial, Cunningham's due process rights were implicated. On appeal, Cunningham argues her trial counsel should have sought a more thorough hearing on the competency issue or advocated for a jury trial. However, Cunningham fails to demonstrate a reasonable probability that a more thorough hearing would have resulted in the trial court finding her competent to stand trial. Although Cunningham argues her trial counsel should not have sought the second evaluation, she offers no arguments to refute the observations and conclusions contained in Dr. Tilley's second evaluation report. Therefore, Cunningham fails to demonstrate a reasonable probability that the result of the proceeding would have been different if her trial counsel acted differently.

{¶ 13} Accordingly, we overrule Cunningham's fourth assignment of error.

### B. Hearing on competency evaluation

{¶ 14} In her first assignment of error, Cunningham argues the trial court erred by failing to hold a hearing on the issue of her competence to stand trial. Cunningham claims the trial court did not find by a preponderance of the evidence that she was incapable of understanding the nature and objective of the proceedings against her.

{¶ 15} Under R.C. 2945.37(B), if the issue of a defendant's competence to stand trial is raised before trial has commenced, the court "shall hold a hearing on the issue." The defendant shall be represented by counsel at the hearing. R.C. 2945.37(D). The prosecution and defense may submit evidence on the issue of the defendant's competence to stand trial and a written report of the competence evaluation may be admitted into evidence by stipulation. R.C. 2945.37(E).

{¶ 16} The trial court ruled that Cunningham was incompetent to stand trial following a hearing held on March 7, 2024. Cunningham was present at the hearing and represented by her trial counsel. At the hearing, Cunningham's trial counsel referred to the conclusions contained in Dr. Tilley's second evaluation report but did not expressly stipulate to the second evaluation report. The state expressly stipulated to the second evaluation report. Based on the second evaluation report, the trial court issued an order finding Cunningham incompetent to stand trial and dismissed the charge against her. The order was signed by the trial court, prosecutor, and Cunningham's trial counsel.

{¶ 17} In a recent decision, this court considered whether a trial court could infer that defense counsel stipulated to a competency evaluation report and competency determination when there was no express stipulation. *State v. Triplett-Fazzone*, 2024-Ohio-4589 (10th Dist.). The competency evaluation report in that case was filed with the trial court under seal and, at a hearing conducted the same day, the trial court stated "[w]e're going to go ahead and stipulate to that today, that [Triplett-Fazzone] is competent to stand trial." *Id.* at ¶ 4. The trial court asked defense counsel how he wished to proceed. Defense counsel requested that a pre-trial hearing be scheduled. *Id.* The prosecutor then expressly stipulated to the evaluation and competency determination and agreed to scheduling the pre-trial hearing. *Id.* The trial court issued an entry and order finding the defendant competent to stand trial in which the court asserted that the parties had stipulated to the contents of the competency evaluation report, that it be admitted into

evidence, and that defendant was competent to stand trial. *Id.* The entry was signed by the trial court but was not signed by the prosecutor or defense counsel, despite having designated lines for their signatures. *Id.* The case proceeded to trial and the defendant entered a no contest plea. *Id.* at ¶ 5.

{¶ 18} On appeal, the defendant asserted the competency hearing was inadequate. *Id.* at ¶ 7. The defendant argued that the record did not support the trial court's assertion that defense counsel stipulated to the competency evaluation report. *Id.* at ¶ 10. She claimed that her counsel's silence on the issue of stipulation during the hearing and lack of her counsel's signature on the trial court's entry compelled a conclusion that her counsel did not stipulate to the competency evaluation report or competency determination. *Id.* This court rejected that argument, concluding that the competency hearing transcript indicated that defense counsel intended to stipulate to the competency evaluation report and competency determination. *Id.* at ¶ 11. We noted that R.C. 2945.37(E) did not require counsel to use any particular language when making a stipulation. *Id.* We found that defense counsel never objected to the trial court's characterization that the defense had stipulated to the competency evaluation report and competency determination. We further found that defense counsel never objected to the entry stating that the parties stipulated to the competency evaluation report and competency determination or "otherwise called to the trial court's attention any disagreement with either the contents of the report or the stipulation to competency, itself." *Id.* at ¶ 12. Based on the record, we concluded it was clear that the parties stipulated to the contents of the competency evaluation report and competency determination and that there was reliable and credible evidence to support the trial court's competency determination. *Id.* at ¶ 13.

{¶ 19} In the present case, as in *Triplett-Fazzone*, Cunningham's trial counsel did not expressly stipulate to Dr. Tilley's second evaluation report, but the record supports a finding that Cunningham's trial counsel impliedly stipulated to the report. Cunningham's trial counsel filed the report with the trial court and summarized Dr. Tilley's conclusions at the March 7, 2024 hearing. She expressly requested that the trial court read the firearm disability notice to Cunningham and did not object to the trial court's dismissal of the charge. She also signed the trial court's written order finding Cunningham incompetent to

stand trial without objection. Therefore, similar to *Triplett-Fazzone*, we conclude that the record establishes that the parties stipulated to Dr. Tilley's second evaluation report.

{¶ 20} The hearing on the competency issue in this case was brief but appears to have satisfied the minimum requirements under R.C. 2945.37, because Cunningham was represented by counsel and written evidence on the issue of her competence was admitted by stipulation. Because the trial court conducted a hearing on the issue of Cunningham's competency, we reject Cunningham's argument that the trial court erred by failing to hold a hearing.

{¶ 21} Accordingly, we overrule Cunningham's first assignment of error.

### C. Finding of incompetence to stand trial

{¶ 22} Cunningham argues in her second assignment of error that the trial court erred by finding her incompetent to stand trial. Cunningham asserts she was not provided with copies of Dr. Tilley's reports and that she did not stipulate to the reports. Cunningham appears to argue the trial court should have examined Dr. Tilley's conclusions more thoroughly and required more evidence to be presented at the March 7, 2024 hearing before finding her incompetent to stand trial.

{¶ 23} "The constitutional test for competency to stand trial is whether the defendant has sufficient present ability to consult with their lawyer with a reasonable degree of rational understanding, and whether they have a rational as well as factual understanding of the proceedings against them." *State v. Lanier*, 2021-Ohio-4194, ¶ 7 (10th Dist.), citing *State v. Berry*, 1995-Ohio-310, 72 Ohio St.3d 354, 359. That standard is codified in R.C. 2945.37(G), which provides that "[i]f, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by [R.C. 2945.38]." We will not disturb a trial court's competency determination that is supported by reliable and credible evidence in the record. *Lanier* at ¶ 7.

{¶ 24} As detailed above, Dr. Tilley concluded in his second evaluation report that Cunningham had decompensated psychiatrically since the first evaluation. He found that Cunningham could not explain the meaning of the charge against her and had difficulty

identifying the potential penalties she faced if convicted. Based on the second evaluation, Dr. Tilley opined that Cunningham was presently incapable of understanding the nature and objective of the proceedings against her and assisting in her defense, and that it was unlikely Cunningham would be restored to competency within the time allowed by law. Dr. Tilley's second report constitutes reliable and credible evidence to support the trial court's conclusion that Cunningham was incompetent to stand trial. On appeal, Cunningham suggests the trial court should have required more evidence before finding her incompetent but does not contest the conclusions contained in Dr. Tilley's second report. She also does not claim that Dr. Tilley's second report was not reliable or credible. Because there was reliable and credible evidence supporting the trial court's order finding Cunningham incompetent to stand trial, we will not reverse that order.

{¶ 25} Accordingly, we overrule Cunningham's second assignment of error.

### D. Imposition of firearm disability

{¶ 26} In her third assignment of error, Cunningham argues the trial court erred when it placed a firearm disability on her by finding her incompetent to stand trial. The trial court's order finding Cunningham incompetent to stand trial contained a notice that she was prohibited from possessing a firearm. The trial court read that portion of the order to Cunningham at the March 7, 2024 hearing.

{¶ 27} Under federal and state law, a person who has been adjudicated as incompetent is prohibited from possessing a firearm. *See* 18 U.S.C. 922(g)(4) ("It shall be unlawful for any person— who has been adjudicated as a mental defective or who has been committed to institution to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."); 27 C.F.R. 478.32(a)(4) ("No person may . . . possess any firearm or ammunition in or affecting commerce, who [h]as been adjudicated as a mental defective or has been committed to a mental institution[.]"); R.C. 2923.13(A)(5) ("Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if . . . [t]he person is under adjudication of mental incompetence, has been committed to a mental institution, has been found by a court to be a person with a mental illness subject to court order, or is an involuntary patient other than one who is a patient only for purposes

of observation."). The limitation on Cunningham's ability to possess a firearm imposed by these laws resulted automatically from the incompetency order. Thus, to the extent Cunningham suggests the trial court had discretion whether to impose a firearm disability, she is incorrect. Further, to the extent Cunningham's third assignment of error constitutes a challenge to trial court's determination that she was incompetent to stand trial, we reject it for the reasons set forth in our analysis of her second assignment of error.

{¶ 28} Accordingly, we overrule Cunningham's third assignment of error.

### E. Right to jury trial

{¶ 29} Cunningham argues in her fifth assignment of error that the trial court violated her constitutional right to a jury trial. The Sixth Amendment to the United States Constitution and Section 5, Article I of the Ohio Constitution guarantee the right to trial by jury in criminal cases. *State v. Solt*, 2023-Ohio-2779, ¶ 16 (10th Dist.). Cunningham was charged with a first-degree misdemeanor violation of R.C. 2903.21, punishable by up to 180 days in jail. *See* R.C. 2929.24(A) (providing for a jail term of up to 180 days for conviction of a first-degree misdemeanor). Therefore, Cunningham had a right to a jury trial. *See* R.C. 2945.17(A) ("At any trial, in any court, for the violation of any statute of this state, or of any ordinance of any municipal corporation, except as provided in divisions (B) and (C) of this section, the accused has the right to be tried by a jury."). *See also State v. Goodwin*, 2014-Ohio-5669, ¶ 5 (10th Dist.) (referring to waiver of right to jury trial by defendant indicted on first-degree misdemeanor charge of aggravated menacing); *Zanesville v. Maxwell*, 2007-Ohio-2624, ¶ 12 (5th Dist.) ("Appellant, in the case sub judice, was charged with assault, a misdemeanor of the first degree. A first degree misdemeanor punishable by a maximum term of imprisonment of six months. R.C. 2929.24(A)(1). Thus, appellant had a right to by [sic] tried by a jury.").

{¶ 30} Notwithstanding a defendant's right to a jury trial, however, "[f]undamental principles of due process require that a criminal defendant who is legally incompetent may not be tried." *State v. Thomas*, 2002-Ohio-6624, ¶ 36. *See Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."); *Berry*, 1995-Ohio-310, 72 Ohio St.3d at 359 ("Fundamental principles of due

process require that a criminal defendant who is legally incompetent shall not be subjected to trial."); *Columbus v. Cardinal*, 2004-Ohio-6605, ¶ 4 (10th Dist.) (quoting *Berry*). For the reasons explained above, the trial court properly found Cunningham incompetent to stand trial. Once the trial court adjudicated Cunningham incompetent, due process prohibited her from being put on trial. Therefore, the trial court did not violate her constitutional right to a jury trial.

{¶ 31} Accordingly, we overrule Cunningham's fifth assignment of error.

## IV. Conclusion

{¶ 32} For the foregoing reasons, we overrule Cunningham's five assignments of error and affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

EDELSTEIN and LELAND, JJ., concur.

_____